FLEMING, Appellant, v. BARRY, Clerk of Joint Union High School District No. 12 of Waukesha County, Respondent.

*October 3—October 29, 1963.*

260

" . . .

For the appellant there was a brief and oral argument by *Clayton A. Cramer* of Waukesha.

For the respondent there was a brief by *Love, Davis & McGraw* of Waukesha, and oral argument by *Glenn R. Davis.*

BROWN, C. J. The issue on appeal remains whether sec. 40.035, Stats., impliedly repealed sec. 40.15 so as to preclude the petitioned dissolution election.

Ch. 40 of the Wisconsin statutes, entitled "School Districts," pertains generally to school districts and their formation. Sec. 40.035 of that chapter was enacted in 1959, by ch. 563, sec. 1, Laws of 1959, and provides in material part:

"TERRITORY TO BE IN DISTRICT OPERATING HIGH SCHOOL. (1) After June 30, 1962, all territory within the state shall be included in school districts operating high schools except as provided in sub. (8).

"(2) Between October 29, 1959 and June 30, 1962, territory not included in a district operating a high school may be attached to, created into or consolidated with a district operating a high school by any of the procedures under ss. 40.03, 40.06, 40.07, 40.12 or 40.14, if the order is made before July 1, 1962.

"(3) Any territory which is not included in a district which operates a high school on July 1, 1962, shall be attached to, created into or consolidated with a district operating a high school by order of the county school committee not later than July 31, 1962. Such order shall be subject to the following conditions:

"(a) It shall be retroactive in effect to July 1, 1962.

"(b) It shall be subject to appeal to the state superintendent but not to a referendum.

"(4) If the county school committee fails to make such an order as is required by sub. (3) an action of mandamus may be brought to require the committee to perform this duty.

"(5) For the purposes of this section the term 'district operating a high school' shall be construed to include any newly created district which substantially meets the requirements set forth herein, but which may require a reasonable amount of time to plan, build and operate a new school."

The exception, provided by sub. (8) in that section in 1961, is not material to this case.

The manifest intent of the legislature in passing sec. 40.035, Stats., was to make the operation of a high school mandatory in every school district. Conversely, it was to prohibit a school district from operating without a high school. Prior to this enactment a common school district, a district having only elementary grades, was not required to be part of a high-school district but could operate independently of one.

The section referred to certain other provisions in ch. 40, Stats., relating to reorganization of school districts which the territories could employ in order to comply with the

legislative mandate. Sec. 40.15, Stats., was not one of these sections.

By reorganization, ch. 40, Stats., means any alteration, dissolution, consolidation, or creation of a school district. Sec. 40.01 (10), Stats. Reorganization of a school district after June 30, 1962, was not precluded by sec. 40.035; however, if reorganization occurred, each of the newly reorganized districts must operate a high school. Thus, if by reorganization of a school district by dissolution some of the territory no longer was in a district operating a high school such reorganization would be contrary to the purview of sec. 40.035, Stats. Accordingly, statutory provisions which are leveled at such a reorganization status would, also, be inconsistent with the purpose of that section.

The order of the county school committee creating or consolidating a district operating a high school in accordance with sec. 40.035 (3) (b), Stats., is not subject to a referendum although an appeal may be made to the superintendent. The proscription of this subsection does not nullify all of the provisions in ch. 40, Stats., relating to reorganization of school districts initiated by a referendum. It refers to a referendum directed against the order made pursuant to sec. 40.035. Future reorganization of school districts created or consolidated under sec. 40.035 can still be commenced by a referendum provided that the proposed reorganization is not contrary to sec. 40.035.

Appellant brought his petition for a referendum election pursuant to sec. 40.15, Stats., relating to dissolution of union high-school districts. The legislative history of the purpose of that section is necessary in order to properly contrast it to sec. 40.035, Stats.

The ancestor of sec. 40.15, Stats., was the then sec. 40.59, enacted in 1917 for the purpose of providing a procedure by

which free high-school districts, established by prior sections, could be dissolved or discontinued. Complete dissolution or discontinuance was the end to be obtained. It was not a mere means or step toward another form of reorganization. The approval of the state superintendent which was necessary for the establishment of the high-school district was not needed for its dissolution. Ch. 563, sec. 2, Laws of 1917, Bill No. 602, S.; ch. 578, sec. 2, Laws of 1917, Bill No. 676, S.

Specific provision for the dissolution of a union free high-school district appeared in the 1925 statutes in secs. 40.605, 40.606. Ch. 419, Laws of 1925. The sections relating to the dissolution of the various high-school districts, with the exception of city districts, were consolidated and revised in sec. 40.69 in 1927. Ch. 425, sec. 96, Laws of 1927. There was no change in the purpose of dissolution. In 1953, the section was renumbered 40.15, Stats., and was amended to relate to union high-school districts. Certain minor procedural changes were also made.

In 1957, by Bill No. 2, S., ch. 536, sec. 21, Laws of 1957, several sections of ch. 40, Stats., were amended, some were repealed and several new sections were created for the purpose of clarifying and co-ordinating the provisions relating to reorganization of school districts. Sec. 40.025, Stats., was created for the purpose of being a general provision with respect to reorganization of school districts. By the same bill, sec. 40.15 was revised, as were other sections, in order to co-ordinate it with the new sec. 40.025. The present sec. 40.15, under which appellant brought his petition is as follows:

"UNION HIGH SCHOOL DISTRICTS, DISSOLUTION. (1) Any union high school district may be dissolved as provided in this section.

"(2) A petition signed by 10 per cent of the electors in such district shall be filed with the district clerk, requesting

that an election be called to vote on the question of dissolution.

"(3) Said clerk shall, within 5 days after receipt of such petition, fix the date and give 10 days' notice of the time and place of holding such election, by posting copies thereof in at least 8 public places in such district and by publication in a newspaper of general circulation in the district. The election shall be held in the high school building, if possible.

"(4) The clerk shall prepare a sufficient number of ballots on which shall be printed 'For Dissolution ☐' and 'Against Dissolution ☐.'

"(5) The polls at such election shall be open at 1 p. m. and closed at 8 p. m., and the officers of such election shall be the district clerk and 2 other persons to be selected by the school board.

"(6) The election shall be conducted and the votes counted and canvassed as in the case of town elections.

"(7) If two-thirds of the votes cast at such election are for dissolution, the result shall be at once certified to the state superintendent and he shall make an order dissolving such district as of July 1, following such election, and file the same as provided in s. 40.025 (5).

"(8) Such dissolution shall have the effect of transferring the property, assets and liabilities of the high school district to the common school districts which were, in whole or in part, embraced in the high school district; and shall be awarded, apportioned and distributed subject to and in the manner provided by s. 66.03, as far as the same is applicable."

Should a union high-school district be dissolved by this section it is evident that some territory of the dissolved district would of necessity be outside the remaining territory operating the high school. To obtain this situation is the very purpose of the section. The property, assets, and liabilities of the former union high-school district would then be transferred to the various common school districts, which are those districts not operating a high school. Sec. 40.15

(8), Stats. Upon the completion of the transfer, the purpose of sec. 40.15 has been fulfilled and the district is dissolved.

Appellant contends that by the 1957 amendment, ch. 536, sec. 21, Laws of 1957, Bill No. 2, S., sec. 40.15 (7), Stats., was amended so as to make the section harmonious with sec. 40.035. The amendment was:

"40.15 (7) If two-thirds of the votes cast at such election are for dissolution, the result shall be at once certified to . . . the state superintendent and *he shall make an order dissolving* such district . . . as of July 1, following such election, *and file the same as provided in s. 40.025 (5)*."

He claims that because the state superintendent must make the order, he must comply with sec. 40.025 (1) (e), Stats., which provides:

"No territory shall be detached from a district unless by the same order it is included in another district, or included with other territory in the creation of a new district, but this limitation shall not apply to territory detached from a union high school district when such territory is already in another school district which operates 12 grades or more. No territory shall be detached from a district which operates high school grades unless by the same order it is attached to another district which operates high school grades, or a state graded school. No territory shall be detached from a union high school district so as to make parts of the district non-contiguous."

By appellant's theory, the state superintendent upon making the order of dissolution under sec. 40.15, Stats., must, also, make other orders under sec. 40.025 (1) (e) attaching the various disjointed territories to school districts operating a high school.

The purpose of sec. 40.15, Stats., albeit amended in 1957 to co-ordinate it with sec. 40.025 (5), did not change. Under sec. 40.15 (7), the state superintendent *"shall* make an order dissolving such district." (Emphasis supplied.) This

amendment affords the state superintendent no authority but to make the order dissolving the district when the results of the election are certified to him. The purpose or end of the section was still dissolution. It was not dissolution, followed by detachment, then by attachment.

Sec. 40.025 (1) (e), Stats., does not relate to dissolution orders, but only to detachment orders. Dissolution of a school district and the detachment of a school district have distinctive meanings, and they should not be confused. Therefore, sec. 40.025 (1) (e) is not applicable to dissolution orders made pursuant to sec. 40.15.

The purpose of sec. 40.15, Stats., is in direct conflict with that of sec. 40.035. The former authorizes the dissolution of a union high-school district in order to have common school districts which operate independent of any high-school district, whereas the latter section forbids any school district to exist independent of a school district operating a high school. These sections are manifestly inconsistent with and repugnant to each other.

The law does not favor repeal of statutes by implication; however, because sec. 40.15, Stats., the earlier act, is so manifestly inconsistent with and repugnant to sec. 40.035, the later one, they cannot reasonably stand together. Therefore, the enactment of sec. 40.035 impliedly repealed sec. 40.15, and the latter no longer has any force and effect. *Union Cemetery v. Milwaukee* (1961), 13 Wis. (2d) 64, 108 N. W. (2d) 180. For this reason the present petition for the writ of mandamus cannot lie, and it was properly dismissed by the trial court.

*By the Court.*—Judgment affirmed.