WAYNE F. MCGOWN, Deputy Secretary, Department of Administration *Page 299 
You have requested my opinion as to whether the state Building Commission may construct a parking facility, which facility was not provided for in either the past or current State Building Program.
You have advised me that the project is to be financed by advance from the State Building Trust Fund and is to be amortized over a 12-year period from user fees.
Specifically, you have asked whether sec. 20.924 (5), Stats., (ch. 125, Laws of 1971) authorizes the construction of a project that has not been enumerated by the legislature or described in the long-range building program (legislative report).
Article VIII, sec. 2, Wis. Const., provides in part:
"No money shall be paid out of the treasury except in pursuance of an appropriation by law. * * *"
Your question, at first blush, raises the issue of whether there is an appropriation by I to support the expenditure of these funds for the construction of the parking facility.
In answering this question, it may be helpful to briefly analyze the building program of this state. The State Building Program consists of a conglomeration of past practices that were used in conjunction with corporation financing and rather recent practices reflecting general obligation funding. Prior to general obligation funding, the Building Commission exercised considerable discretion in determining the exact nature of the building program. With the advent of general obligation funding, the legislature severely restricted this former discretion of the Building Commission. Prior to 1969, the State Building Program consisted of a report to the Wisconsin Legislature entitled "State Building Program." This report was made pursuant to sec.13.48 (2)(e) 1, Stats., 1969, and either accompanied or was made a part of the budget. The exact legal significance of this report, prior to 1969, was somewhat unclear. Whether and when a particular project within the long-range building program was to be built was largely a matter of Building Commission discretion under sec. 13.48 (10), Stats. The funding of projects approved for construction by the Building Commission was either from the Building Trust Fund (sec. 13.48 (3), Stats, 1969) or under the *Page 300 
lease-rental authority of sec. 20.710 (2)(a), Stats., 1967. The building program or statutory scheme above described did not include the "so-called" self-amortizing projects such as student dormitories, student unions, etc., which projects were financed from user fees. The self-amortizing projects were apparently constructed and financed at the discretion of the State Building Commission.
With the advent of general obligation financing, the legislature enacted an entirely different State Building Program, restricting to a large extent the discretionary power previously enjoyed by the State Building Commission. In this regard, the 1969 Legislature specifically enumerated the building program project-by-project in sec. 375m of ch. 154, Laws of 1969. Additionally, the funding was designated for each project as either building trust funds or general obligation financing. Although the legislature did not in 1969 include in the authorized State Building Program the self-amortizing projects, it was clearly indicated that such projects would be enumerated by future sessions of the legislature (sec. 20.924 (3), Stats., 1969). The legislature, in the ensuing session, did follow through with its announced intention of enumerating the self-amortizing projects by describing such projects in ch. 125, Laws of 1971, sec. 518. Additionally, the legislature, in 1969, as well as in 1971, carried over those projects in the long-range building program or legislative report that had not been completed and by so doing, in effect, codified the long-range building program or report to the legislature, chs. 154 and 125, Laws of 1969 and 1971, respectively. The financing authority for these particular projects is somewhat confusing but apparently, for the most part at least, lies in that category referred to as previous lease-rental authority as set forth in sec. 47 of ch. 215, Laws of 1971.
To implement the authorized State Building Program and enumerated building projects, the legislature in 1969 created sec. 20.924, Stats., which was amended by ch. 125, Laws of 1971.
The basic and extensive revision in the State Building Program just described was made without any significant change, in many instances, in the prior system. Accordingly, we find ourselves operating under two systems that emerged under an entirely different philosophy or legislative intent. However, as a matter of *Page 301 
law, these statutes all concern the same general subject matter and, therefore, must be construed together and harmonized if at all possible, City of Milwaukee v. Milwaukee County (1965),27 Wis.2d 53, 133 N.W.2d 393.
The use of Building Trust Funds is controlled by sec. 13.48
(3), Stats., 1969, which reads in part:
"* * * At such times as the commission directs, the governor shall authorize releases from this fund to become available forprojects in the long-range building program, and he shall direct the department of administration to allocate from this fund such amounts as are approved for these projects. * * *" (Emphasis supplied)
A restrictive or literal reading of this Statute would limit the use of such fund to those projects in the long-range building program or legislative report. However, the legislature, in 1969, as well as in 1971, described certain projects which were authorized for construction and clearly indicated that such projects were to be funded by Building Trust Funds, ch. 154, Laws of 1969, sec. 375m, and ch. 125, Laws of 1971, sec. 518.
In this regard, the legislature appropriated to the Building Trust Fund by sec. 20.710 (2) (f), Stats., 1969, $23,541,400 and in sec. 375m, ch. 154, Laws of 1969, described the particular projects that were authorized to be constructed out of this fund, which projects total this amount. Similarly, in sec. 20.710 (2) (f), Stats., ch. 125, Laws of 1971, the legislature appropriated $18,323,200 to the Building Trust Fund for projects described in sec. 518, Stats., ch. 125, Laws of 1971, which projects likewise total this amount. Consequently, the legislature has earmarked this fund project-by-project. Additionally, the Building Trust Fund has been further earmarked by the restrictive language of sec. 13.48 (3), Stats., 1969, previously referred to.
Notwithstanding, the legislature has authorized the exercise of some discretion by the Building Commission in the use of these earmarked funds by enacting sec. 20.924 (1) (d), Stats., 1969, which section reads: *Page 302 
"Shall exercise considered judgment in supervising the implementation of the state building program, and may authorize limited changes in the project program, and in the project budget if the commission determines that unanticipated program conditions or bidding conditions require the change to effectively and economically construct the project. However, total funds under the authorized state building program for each agency shall not be exceeded."
However, the shifting of funds between projects must be "limited" and may only be intra-departmental or agency, for total funding authority cannot be exceeded for any particular agency or department.
By specifically describing each project and by specifically earmarking funds for each designated project, the Building Commission cannot use Building Trust Funds, in my opinion, for an unauthorized purpose.
The question may be asked as to what happens in the situation where a particular project fails to receive Building Commission approval and, consequently, is not constructed. The funding on a project that is not constructed may be used to a "limited" extent for an approved project as provided in sec. 20.924 (1) (d), Stats., 1969. However, as stated previously, it may not be used for an unauthorized project, for such use would be, as stated previously, contrary to the express language of sec. 13.48 (3) and sec. 20.710 (2) (f), Stats., 1969, which language specifically directs that these funds may only be released or used for projects in the long-range building program. Surplus funds, that is, funds derived from projects that fail to receive Building Commission approval or unconstructed projects, and not used to the limited extent as provided in sec. 20.924, Stats., should "at the end of the biennium * * * revert to the fund and account from which appropriated * * *" as provided in sec. 20.001
(3)(b), Stats., 1969.
In your letter, you question the meaning and intent of sec.20.924 (5), Stats., as created in ch. 125, Laws of 1971. This section reads:
"The building commission may utilize any funds at its disposal to supplement the otherwise authorized building program for any agency." *Page 303 
It is difficult to harmonize this section with the Building Program as previously discussed. It is obvious, however, that the legislature intended to empower the Building Commission with the authority to supplement the building program. This authority could, of course, be exercised either in the way of additional projects or additional funding of authorized projects, or both. If the statute is interpreted to include within the meaning of the term "any funds at its disposal" the Building Trust Fund, such interpretation could result in repeal by implication the language of sec. 13.48 (3) and sec. 20.710 (2)(f), Stats. Similarly, it would result in the repeal of the limitations of sec. 20.924 (1)(d), Stats. The courts do not favor repeal of legislative acts by implication, Fleming v. Barry (1963), 21 Wis.2d 259,124 N.W.2d 93.
The Building Trust Fund is unavailable to fund any action under sec. 20.924 (5), Stats., ch. 125, Laws of 1971. The legislature, in adopting this section, failed, insofar as I am able to determine, to fund its implementation. In other words, the authority of this section was not accompanied by an appropriation. If the legislature had made an appropriation to implement sec. 20.924 (5), Stats., then, to the extent of such appropriation, the restrictions of secs. 13.48 (3), 20.924 (1) (d) and 20.710 (2)(f), Stats., would be inapplicable.
Therefore, in conclusion, it is my opinion that Building Trust Funds may not be used to construct a project that has not been provided for in either the long-range building program or specifically described in the 1969 or 1971 session laws. Further, when a designated project for a specific agency is not approved by the State Building Commission and accordingly not constructed, the funding for such project may be used only to a "limited" extent for a different project within that same agency. Appropriations that are not used for those purposes which were specifically described by the legislature or to the limited extent permitted under sec. 20.924 (1)(d), Stats., should revert to the general fund.
RWW:CAB *Page 304