FREIMANN, Appellant, vs. CUMMING, imp., Respondent.

*October 16—November 11, 1924.*

*Negligence: Defective public building: Liability of vendor under land contract.*

1. Under sub. (12) and (13), sec. 101.01, Stats., to charge one as "owner" with liability for the defective condition of a public building there must exist in such person the right to present possession, control, or dominion of such building, so that he may lawfully enter and perform the duties fixed by the statute. p. 91.
2. The vendor under a land contract who had no present right of supervision, control, or possession of a building which he had contracted to convey to another, is not chargeable under sub. (13), sec. 101.01, as "owner" for defects in such premises, notwithstanding he held the legal title.   p. 91.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The plaintiff seeks to recover for personal injury caused by the defective condition of the top stair in a two-story office building.

The following facts, the only ones material here, appear from the complaint and *Cumming's* answer:

Prior to August 20, 1923, *Cumming* was the owner of the building, and on that date he and the defendant Newland made a land contract.   No claim is made that the defect alleged to have caused the plaintiff's injury existed at that time.

Under the terms of the land contract a substantial part of the agreed price was then paid, the balance in monthly instalments until a specified amount remained due, and then a warranty deed to be given and payment of such balance secured by a mortgage.   Subsequent taxes and insurance were to be paid by defendant Newland.   Newland agreed to hold the premises as tenant by sufferance of the defendant *Cumming,* subject to be removed as tenant holding over by process under the statute whenever default should be made

in the payment of any of the instalments of purchase money, interest, taxes, assessments, or insurance premiums, and to keep the building on said premises in as good repair and condition as at the time of the contract, except ordinary wear and decay.

It was also agreed that if the defendant Newland failed or defaulted in any of the terms or conditions as to her provided, then, at the option of the said *Cumming,* the agreement became utterly void and all payments thereon forfeited and without the giving of any notice, subject to be revived and renewed only by the act of *Cumming* or by mutual agreement, and that when such default or violation occurs the rents thereafter should be collected only by *Cumming*. No default has occurred or any exercise of such option been made.

That at about the date of the contract *Cumming* surrendered and defendant Newland entered upon the exclusive possession of the same, and that since such time *Cumming* has not controlled, managed, or operated the building and premises and has had no right, title, or interest therein except as in the land contract provided.

The trial court overruled plaintiff's demurrer to such answer, and plaintiff appeals.

*Walter F. Mayer* of Milwaukee, for the appellant.

*George H. Katz* of Milwaukee, for the respondent *Cumming*.

ESCHWEILER, J.   No question is raised but that this particular building is a public building within the purview of the safe-place statute here invoked and as defined in sub. (12), sec. 101.01, Stats.   Unless, however, the defendant *Cumming* is within the definition of the word "owner" as the same is used in the same law, it is conceded there can be no recovery as against him.

The material part of the statute upon which plaintiff predicates her right to recover as against respondent is found in

sub. (13), sec. 101.01, providing that the term "owner" shall mean and include every person "having *ownership, control,* or *custody* of any" public building. Appellant contended that this statute creates or recognizes a possible joint or several liability on at least three separate and distinct classes: first, those who are the owners; second, those having control thereof; and third, those having a mere custody of the premises. Appellant further maintains that respondent, admittedly the holder of the legal and record title, comes within the first of such alleged classes and under the asserted facts is subject to the statutory liability independent of any possible statutory or common-law liability of the other defendant, who concededly has the right to, as well as the actual possession of and the right to, and the actual control and custody of, the premises.

Appellant's counsel frankly admits that under repeated holdings of this court the doctrine is well established here that as between themselves the grantor in such a land contract holds the title in trust for the grantee with the right, in proper equitable proceedings, to foreclose or bar the rights of the grantee or enforce grantor's rights in and to the real estate as security for the obligations assumed by the grantee. It is also frankly conceded that a rule of law exists here, at least except for the statute now invoked, which would absolve respondent from liability in analogy with the doctrine so often declared in cases involving the question of liability of landlord or tenant, as is well illustrated in the case of *Flood v. Pabst B. Co.* 158 Wis. 626, 149 N. W. 489. Notwithstanding such necessary concessions, plaintiff nevertheless maintains that respondent's interest in the real estate is sufficient to make him, under this statute, liable as the "owner" of the premises.

The precise question here presented has not as yet been passed upon by this court. In *Waskow v. Robert L. Reisinger & Co.* 180 Wis. 537, 193 N. W. 357, involving the question of liability during the erection of a building under

several independent contracts with the owner, it was stated at page 544 that it was unnecessary, under the facts there, to determine whether mere naked ownership of the property was sufficient under this same statute to create a liability against such owner to an injured employee of one of such contractors.

Considering the language and general purpose of this statute, we now hold that in order to place such a liability as is here claimed against one as the *owner* of such premises there must exist in such person the right to present possession or present control or dominion thereover so that such person may lawfully exercise the rights necessary to permit him to properly enter upon the premises in order to perform such an ever-present duty as is fixed by this statute. A present right of possession is necessarily involved in the idea of a present duty to make repairs or changes.

To charge respondent in this case with the duty and obligation of continuous supervision, control, and repair of these premises would require the respondent to deny or supersede the power of present supervision, control, and possession exclusively and lawfully vested by respondent in defendant Newland by their lawful and valid land contract.

We therefore hold that the respondent does not come within the term "owner" as used in the statute above quoted, because not having any present lawful right to possession, control, or custody in or over this building.

The plaintiff's demurrer to the answer of the defendant *Cumming* was therefore properly overruled by the trial court.

*By the Court.*—Order affirmed.