KINNEY, Appellant, vs. LUEBKEMAN and others, Respondents.

*December 7, 1933—January 9, 1934.*

2

For the appellant there was a brief by *Farr & MacLeod* of Eau Claire, and oral argument by *Arthur W. MacLeod*.

For the respondents Luebkeman there was a brief by *Ramsdell, King & Linderman* of Eau Claire, and oral argument by *Bailey E. Ramsdell*.

FOWLER, J. The plaintiff claims that the trial court erred in changing the findings of the jury as to the defendant owners' failure of duty and that she is entitled upon the verdict to judgment against the owners for the damages assessed by the jury. She also claims that she is entitled to judgment against the owners upon common-law principles upon the jury's findings.

The learned trial judge was . . . "of opinion that any failure of duty to make the premises safe related to a detail concerning the use and occupation of the premises by the tenant Sakos, which under the terms of the lease and under the law was a duty on the part of the tenant and not a duty on the part of the landlord or the landlord's agent, and that there is no evidence to support the answers" . . . to the questions as to the owners Luebkeman.

It is conceded that a restaurant is a public building within the provisions of the safe-place statute, and that every owner

of such a building is required to "so construct, repair or maintain" it as to render it "as safe to frequenters as the nature of the premises will reasonably permit." Secs. 101.01 (11), 101.01 (12), 101.01 (13), 101.06, Stats. It may be conceded that the word "maintain" in the statute requires the light at the stairhead to be kept constantly turned on or turned on whenever the stairway is used, and that under the literal wording of the statute the owner as well as the tenant would be required to perform this duty. But it was held in *Gobar v. Val. Blatz Brewing Co.* 179 Wis. 256, 191 N. W. 509, and *Bewley v. Kipp,* 202 Wis. 411, 233 N. W. 71, that where a tenant is in exclusive possession of a portion of a building for living purposes, that portion of the building is not within the purview of the safe-place statute, and the tenant, not the owner, is the one responsible for its maintenance, although a literal construction of the statute would bring the owner within its terms and impose upon him the duty of safe maintenance. With like reason where the only thing required to render a place safe is the turning on or continuous maintenance of an electric current to an electric light that is sufficient to render the place safe when the current is on, and the premises are occupied by a tenant who is conducting business therein such as to make the place within a public building within the meaning of the statute, the performance of this duty rests upon the tenant and not upon the landlord. To hold that an owner of leased premises is under obligation to keep a switch continuously turned on a light that he has provided which is entirely adequate for the safety of frequenters using a stair if constantly turned on or if turned on by the tenant whenever a frequenter requests use of the place, would no more be within the purview of the statute than a grease spot or a banana peel on the step of the stair on which a frequenter slipped and sustained injury. We are of the opinion of the learned trial judge, that keep-

ing the light turned on or turning it on when use of the toilet by frequenters was requested, was a detail of the conduct of the tenant's business with which the tenant alone was chargeable. It was held in *Pettric v. Gridley Dairy Co.* 202 Wis. 289, 232 N. W. 595, that where a light was turned off in a stairway that was required to be kept on to render the stairway safe for frequenters, the owner of the building who was conducting a business therein was not chargeable with violation of duty unless possessed of actual or constructive notice that the light was turned off. With greater reason should an owner of leased premises frequented by the public be held free from liability for not having a light turned on. Here the owners had no knowledge of the facts respecting the use of the toilet by the public, to say nothing of knowledge respecting the operation of the switch when the stairs were in use.

That the owner is not responsible under the safe-place statute for failure to maintain the light at the stairhead is impliedly held in *Freimann v. Cumming,* 185 Wis. 88, 91, 200 N. W. 662, where it is said:

"Considering the language and general purpose of this (safe-place) statute, we now hold that in order to place such a liability (of safe maintenance) as is here claimed against one as the *owner* of such premises there must exist in such person the right to present possession or present control or dominion thereover so that such person may lawfully exercise the rights necessary to permit him to properly enter upon the premises in order to perform such an ever-present duty as is fixed by this statute."

The owners in the instant case had no such possession of the premises, and no such ever-present right of control or dominion thereover as to render them responsible for either constant maintenance of the light or for turning on the light whenever the stair was in use.

That the defendant owners are not responsible upon common-law principles is obvious. When a landlord leases premises by ordinary lease "he commits their care and the duty to keep them reasonably safe to the tenant (as he lawfully may), and hence he is relieved of liability for defects arising during the tenancy by reason of the tenant's neglect to perform that duty." *Flood v. Pabst Brewing Co.* 158 Wis. 626, 634, 149 N. W. 489. With greater reason is the owner free under the common law from responsibility for a tenant's failure to maintain a light.

*By the Court.*—The judgment of the circuit court is affirmed.