HARDWARE MUTUAL CASUALTY COMPANY, Respondent, vs. RASMUSSEN DRUG COMPANY, Appellant.

*January 10—February 5, 1952.*

For the appellant there was a brief by *Vilas L. Rasmussen,* and oral argument by *Vilas L. Rasmussen* and *V. Richard Rasmussen,* both of Oconomowoc.

For the respondent there was a brief by *Hippenmeyer & Callow* of Waukesha, and oral argument by *Richard S. Hippenmeyer.*

FRITZ, C. J. The complaint alleged that defendant's drugstore was in a public building owned by Curtis Jacobs, Sr., to whom plaintiff had issued a public-liability insurance policy which was in effect on September 8, 1949, and that by its terms plaintiff agreed to pay any liability incurred by Curtis Jacobs, Sr., by reason of the common or statutory law and the construction or maintenance of said building in violation thereof; and that upon payment of such liability by plaintiff, it would become subrogated to any rights which Curtis Jacobs, Sr., might have under the circumstances; that on September 8, 1949, it was the duty of Curtis Jacobs, Sr., to have said building, including the portion thereof leased by him to defendant, constructed and maintained in a safe condition; and that it was likewise said defendant's duty to provide its customers and other frequenters with a public building or premises that were safe; and that said building was not constructed and maintained

in a safe condition in that: The entranceway was unlighted; no suitable handrailing was provided; the steps were improperly designed and pitched; and the building was not as free from danger to the life, health, safety, or welfare of employees, or frequenters, or the public, as the nature of the employment, place of employment, or public building would reasonably permit. The complaint further alleged that while Ione Voreck was in the building and carrying a jar of malted milk sold to her by defendant, she, as the direct and proximate result of the unsafe condition of said premises, fell and was injured in and on the rear entranceway of the building; and that as a result thereof she suffered severe injuries and she and her husband claimed damages from the plaintiff and the defendant; that on August 9, 1950, plaintiff settled said claims for the sums of $650 and $1,100, respectively, and the amounts so paid to said claimants were fair and reasonable under the circumstances; and that by reason of the aforesaid, plaintiff is entitled to contribution from defendant for one half of said settlement amounts and has demanded payment of $875 by the defendant who refused to pay the same.

Upon defendant's demurrer to the plaintiff's complaint, the facts alleged therein must be deemed to be true, including the allegations that while Ione Voreck was lawfully in the building occupied by the defendant, she fell and was injured as the direct and proximate result of said alleged unsafe conditions in the respects stated above. If she was rightfully in defendant's store as a customer and "frequenter" thereof, there were applicable to her and the defendant the provisions in sec. 101.06, Stats., that:

"Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein *and for frequenters thereof* and shall furnish and use safety devices and safeguards, and shall adopt and use methods

and processes reasonably adequate to render such·employment and places of employment safe, and *shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters. . . .*"

Consequently, in relation to Ione Voreck and said building the defendant was, as stated in *Kinney v. Luebkeman,* 214 Wis. 1, 4, 252 N. W. 282, "required to 'so construct, repair, or maintain it' as to render it 'as safe to *frequenters* as the nature of the premises will reasonably permit.' Sec. 101.01 (11), . . . It may be conceded that the word 'maintain' in the statute requires the light at the stairhead to be kept constantly turned on or turned on whenever the stairway is used, and that under the literal wording of the statute the owner as well as the tenant would be required to perform this duty." Therefore, in view of the facts alleged in plaintiff's complaint, there are applicable in the case at bar the conclusions stated in *Western Casualty & S. Co. v. Milwaukee G. C. Co.* 213 Wis. 302, 304, 251 N. W. 491:

"The plaintiff made a settlement with the injured parties after claims had been made but before suit was commenced. Before making the payment plaintiff demanded that the other joint tort-feasor pay its share by way of contribution. This was refused, the settlement was made, and a full release of all was taken.

"Contribution between joint tort-feasors is the rule in this state and may be enforced when the common liability exists, where the wrong is a mere act of negligence involving no moral turpitude. *Ellis v. Chicago & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048. This right exists in favor of an alleged joint tort-feasor who has paid more than his just share of such a loss. The right is founded upon principles of equity and natural justice. *Brown v. Haertel,* 210 Wis. 354, 246 N. W. 691. It is a liability which the law has imposed upon the joint tort-feasors because of the circumstances in which they placed themselves by their negligent conduct. Out of this common liability arises the right

to contribution when one joint tort-feasor has paid more than his equitable share of this common obligation."

*By the Court.*—Order affirmed.

CURRIE, J. *(concurring).* Merely because sec. 101.06, Stats., may have made the landlord, Jacobs, and the tenant employer, Rasmussen Drug Company, jointly liable for the damages arising by reason of the personal injuries sustained by Mrs. Voreck, it does not necessarily mean that if the landlord pays all of the damages he is entitled to contribution from the tenant. Under the terms of the lease the landlord and tenant may have placed the sole liability for curing the defects on the premises, which caused Mrs. Voreck's injuries, on the landlord, and not the tenant.

This case comes to us on demurrer to the complaint and I agree with the majority decision that the complaint states a cause of action for contribution, and therefore the demurrer was properly overruled by the trial court. However, after the defendant has answered and trial is held on the merits, it may develop that the injuries to Mrs. Voreck were caused by defects to the premises which were the sole responsibility of the lessor, in which case plaintiff would then not be entitled to recover contribution from the defendant tenant.