Rudolph, Appellant, v. Currer and others, Respondents.

*December 1, 1958—January 2, 1959.*

For the appellant there was a brief and oral argument by *Carl H. Juergens* of Milwaukee.

For the respondents Myrtle E. Currer and the Employers Mutual Liability Insurance Company of Wisconsin there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *E. H. Borgelt* and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

For the respondent city of Milwaukee there was a brief by *Walter J. Mattison,* city attorney, and *Peter M. Stupar,* assistant city attorney, and oral argument by *Mr. Stupar.*

MARTIN, C. J. We will discuss the two orders separately.

*Order of December 30, 1957.*

It is undisputed that Employers Mutuals had in effect at the time of the plaintiff's accident a comprehensive personal

liability insurance policy issued to the defendant Currer providing (Coverage A) that it would pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury. The policy contains a "no action" clause providing as follows:

"9. Action Against Company—Coverage A. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the insured's liability."

Plaintiff calls attention to sec. 260.11 (1), Stats., making the insurer of a motor vehicle, having an interest in the outcome of any action for damages caused by the negligent operation of a motor vehicle, a proper party defendant in such action. It is contended that the public policy therein expressed applies to the situation here, citing *Perlick v. Country Mut. Casualty Co.* (1957), 274 Wis. 558, 561, 80 N. W. (2d) 921, wherein this court said that a "no action" clause "cannot effectively be included in an insurance policy issued in Wisconsin, because it would be violative of the public policy of the state expressed in sec. 260.11 (1), Stats."

As to sec. 260.11 (1), Stats., it may be noted that prior to its amendment by ch. 375, Laws of 1931, "no action" clauses in automobile liability policies were valid. *Morgan v. Hunt* (1928), 196 Wis. 298, 220 N. W. 224; *Bergstein v. Popkin* (1930), 202 Wis. 625, 233 N. W. 572. In the latter case the court stated that the question of making the liability of the insurer to the injured person as absolute as

possible, and that of depriving the insurer of the right by contract to postpone action against it until the amount of the injured person's damage has been ascertained, involve important questions of public policy which are for the legislature and not for the courts. By the amendment referred to, however, the legislature changed the doctrine of the *Morgan* and *Bergstein Cases* and made ineffective clauses in automobile liability policies which defer action against the insurer until the damages are fixed against the insured. *Lang v. Baumann* (1933), 213 Wis. 258, 251 N. W. 461.

The legislature has not, however, seen fit to so limit the insurer's right to contract in any other field than that of automobile liability insurance. In *Sweitzer v. Fox* (1937), 226 Wis. 26, 275 N. W. 546, a "no action" clause in a public liability policy was upheld and the court explicitly stated that there were applicable no such statutory provisions as sec. 260.11, which related to automobile liability policies.

The *Perlick Case, supra,* is not authority for the plaintiff's position. That was an action arising from the alleged negligent operation of a motor vehicle and the clause in question was contained in an automobile liability policy of insurance issued in Illinois, where such clauses were valid. As this court pointed out, such a provision, while not valid in a Wisconsin policy, would be effective in this state, but the basis on which the case was decided was the voluntary waiver by the insurer of its rights to assert the "no action" provision in its policy. There is nothing in the *Perlick Case* which can be interpreted to mean that "no action" clauses in policies other than those of automobile liability are rendered ineffective by the provisions of sec. 260.11 (1), Stats. As pointed out in the *Sweitzer Case, supra,* the public policy expressed in that section of the statutes does not extend to actions involving public liability insurance policies.

As said by the learned trial judge:

"The policy involved here is a comprehensive personal liability policy. The company (insurer) contracts 'to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury. . . .' Paragraph 9 of the policy is a 'no action' clause specifically providing that 'no action shall lie against the company unless, as a condition precedent thereto the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company.' It specifically provides that any claimant who has secured such judgment or agreement shall *thereafter* be entitled to recover under the policy to the extent of the amount of coverage; and that nothing contained in the policy shall give the claimant the right to join the insurer as codefendant in any action against the insured to determine insured's liability."

The order of December 30, 1957, must be affirmed.

*Order of February 17, 1958.*

It is well established that the right of a plaintiff to maintain an action against a municipality for injuries caused by a defect in a city street or sidewalk is purely statutory; the conditions imposed by the legislature are precedent to a right of action and failure to comply with them in the complaint is fatal on demurrer. *Hogan v. Beloit* (1921), 175 Wis. 199, 184 N. W. 687.

Sec. 81.15, Stats., provides, in part:

"If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city, or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city, or village, . . . No such action shall be maintained unless within thirty days after the happening of the event causing such damages, notice in writing signed by the party, his agent, or attorney shall be given to the county clerk of the county, a supervisor of the

town, one of the trustees of the village, or mayor or city clerk of the city against which damages are claimed, stating the place where such damages occurred, and describing generally the insufficiency or want of repair which occasioned it *and that satisfaction therefor is claimed* of such county, town, city, or village."

The complaint fails to allege that notice in writing was served on the proper city officers within thirty days after the accident. Plaintiff admits that no such notice was given to the city, but argues that it was unnecessary because the city had actual notice of the accident through its policemen who arrived at the scene shortly after the plaintiff fell and took her to a hospital in an ambulance.

The statute requires written notice, within thirty days of the accident, given to the mayor or city clerk, and stating (1) the place of accident, (2) the insufficiency or want of repair, and (3) that satisfaction is claimed of the city. Even if notice to the policemen constituted substantial compliance with the statutory requirement of notice to the city, which it did not, it would be notice only of the place of accident and the conditions existing there. It certainly would not be notice that the plaintiff claimed satisfaction of the city for her damages.

In a case somewhat similar to this, *Skiris v. Port Washington* (1936), 223 Wis. 51, 269 N. W. 556, action was commenced by a minor injured while lawfully coasting on a city street blocked off for that purpose when he collided with a sleigh parked on the street by one William Last. Both Last and the city were joined as defendants. The accident happened February 1, 1935, but the plaintiff served no notice of injury on the city until August 8, 1935. This court held the complaint demurrable for failure to allege compliance with the requirements of sec. 81.15, Stats.

Plaintiff takes out of context language from *Mueller v. Milwaukee* (1957), 1 Wis. (2d) 221, 228, 83 N. W. (2d) 735, as support for her argument that written notice is not

required. In that case the court was discussing notice to the city of the defect which existed for a long time prior to the accident. A reading of the case will show that no reference was made or intended to be made to the notice of injury and claim required by sec. 81.15, Stats.

Plaintiff also argues that the notice required by sec. 81.15, Stats., is not necessary because in this case the city was joined as a defendant pursuant to the provisions of sec. 81.17, relative to its secondary liability, the defendant Currer and her insurer being primarily liable. Her counsel contends that since sec. 81.17 does not require notice to the city, stating only that the city may be sued with the person primarily liable, the service of the complaint within two years after the accident is sufficient notice under the provisions of sec. 330.19 (5).

As held by the trial court, sec. 81.17, Stats., is intended to establish the order of responsibility where both an abutting property owner and the city are at fault for the condition of a defective sidewalk. It is not intended to eliminate, in such circumstances, compliance with sec. 81.15. If a plaintiff could circumvent the provisions of sec. 81.15 simply by joining an abutting property owner and the city as parties defendant, sec. 81.15 would be rendered meaningless.

The order of February 17, 1958, is affirmed.

*By the Court.*—Orders affirmed.