NOVAK and wife, Plaintiffs and Respondents, v. CITY OF DELAVAN, Defendant and Respondent: DELAVAN-DARIEN UNION HIGH SCHOOL DISTRICT, Defendant and Appellant.

*May 9—June 7, 1966.*

201

"...

"...

For the defendant-appellant there was a brief by *Godfrey, Godfrey, Neshek & Conway* of Elkhorn, and oral argument by *Thomas G. Godfrey*.

For the plaintiffs-respondents there was a brief by *Kenney, Korf & Pfeil* of East Troy, and oral argument by *Francis J. Korf*.

For the defendant-respondent there were briefs by *Heide, Sheldon, Hartley & Thom* and *W. A. Sheldon,* all of Kenosha, and oral argument by *W. A. Sheldon*.

GORDON, J.

### *The School District as an "Owner."*

The jury found that the school district was not negligent in failing to construct the bleachers so as to render them safe. Nevertheless, the learned trial court concluded as a matter of law that the school district was an owner, finding that it had the necessary control or custody of the premises so as to be chargeable with the nondelegable duty of constructing the bleachers in a safe manner.

The trial judge reasoned that the bleachers constituted a public building, and we share that portion of his analysis. *Bent v. Jonet* (1934), 213 Wis. 635, 252 N. W. 290, 126 A. L. R. 1245. It is also true that a school district may fall within the definition of an owner as that word is used in sec. 101.06, Stats. *Heiden v. Milwaukee* (1937), 226 Wis. 92, 275 N. W. 922, 114 A. L. R. 420.

If it can be said that the appellant school district is an "owner" upon the facts of this case, then it is impressed with a nondelegable duty to make the bleachers safe under sec. 101.06, Stats. *Mickelson v. Cities Service Oil Co.* (1947), 250 Wis. 1, 26 N. W. (2d) 264; *Tiemann v. May* (1940), 235 Wis. 100, 292 N. W. 612. We differ with the learned trial judge, however, in his conclusion that upon the undisputed facts of the instant case the school district is an "owner." The school district was clearly not the legal title owner of the athletic field or the bleachers, and its liability could only rest upon the conclusion that it had "control or custody" of the bleachers.

Mere possession is not the equivalent of control or custody. In *Freimann v. Cumming* (1924), 185 Wis. 88, 91, 200 N. W. 662, the court discussed the character of control and custody and stated:

"Considering the language and general purpose of this statute, we now hold that in order to place such a liability as is here claimed against one as the *owner* of such premises there must exist in such person the right to present possession or present control or dominion thereover so that such person may lawfully exercise the rights necessary to permit him to properly enter upon the premises in order to perform such an ever-present duty as is fixed by this statute. A present right of possession is necessarily involved in the idea of a present duty to make repairs or changes."

The nature of control or custody was also examined in *Lee v. Junkans* (1962), 18 Wis. (2d) 56, 117 N. W. (2d)

614, and in *Wannmacher v. Baldauf Corp.* (1953), 262 Wis. 523, 55 N. W. (2d) 895, 57 N. W. (2d) 745.

In our opinion, the school district cannot be said to have had control or custody of the bleachers within the contemplation of sec. 101.06, Stats. The facts of this case persuasively demonstrate that the school district did not have such dominion over the bleachers so as to entitle it to enter the premises in order to rebuild or to perform repairs upon the bleachers. The only use that the school district made of the athletic field was for seven football games. This was accomplished under an arrangement with the city whereby the school district paid $30 per game for the use of the premises. Although the school district's employees supervised the athletic events, its employees did not purport to inspect the bleachers or to perform any maintenance services with reference to them. When any problems arose concerning the bleachers, it was the city's employees who attended to them.

We recognize that in *Schwenn v. Loraine Hotel Co.* (1961), 14 Wis. (2d) 601, 607, 111 N. W. (2d) 495, it was pointed out that one's control or custody of premises "need not be exclusive, nor is it necessary to have control for all purposes" as a requisite of liability for injuries. Nevertheless, in order to find liability on the part of a temporary user there must exist in such alleged "owner" at least a modest degree of dominion over the premises so that such temporary user might have an opportunity to perform the necessary repairs or rebuilding.

Upon the facts of the instant case it is clear that the Delavan-Darien Union High School District was at no time in such control of the facilities as to give it even a scant opportunity to make repairs to the bleachers. When the use of the premises is as temporary and informal as that involved in the case at bar, the safe-place statute was not intended to create liability.

The jury's finding that the school district was not negligent probably reflects its conclusion that the school

district did not have control or custody of the bleachers. However, the jury's finding is not controlling because the issue is really one of law. This is true because the facts concerning control or custody were not in dispute at the trial. In *Rehse v. Industrial Comm.* (1957), 1 Wis. (2d) 621, 626, 85 N. W. (2d) 378, this court asserted the principle that if the facts are not controverted a question of law is presented.

We conclude that the school district's use of the facilities was so temporary and sporadic as to require the conclusion, as a matter of law, that its use of the athletic facilities did not carry with it the obligation as an "owner" to repair or rebuild the bleachers.

### The Motion to Review.

The city of Delavan has challenged the plaintiffs' right to recovery against the city because of the alleged untimeliness of the plaintiffs' action under sec. 62.25, Stats.

The city has raised this issue via a motion to review under sec. 274.12 (1), Stats., and it is contended by the plaintiffs that this issue could only be raised by a cross appeal under subs. (3) and (4) of sec. 274.12 rather than by a motion to review. A motion to review under the statute may be brought by "a respondent adverse to the appellant upon the latter's appeal" to review "any rulings prejudicial to him."

Upon this appeal, the city is not a party adverse to the appellant. This is true notwithstanding the fact that there is an adverse relationship between the city and the school district insofar as the judgment provides for contribution between them. However, it was contemplated by sec. 274.12 (1), Stats., that a respondent "adverse to the appellant upon the latter's appeal" be adverse in connection with the subject matter of the appellant's appeal. The subject matter of the school district's appeal relates to the question whether it is an "owner" under

the safe-place statute, and thus the city cannot fairly be called an adverse party to the school district's appeal in light of the nature of the latter's appeal.

Although the time for serving a notice of appeal under sec. 274.12 (1), Stats., had expired when its motion for review was served by the city, we nevertheless consider that under the reasoning of *Turk v. H. C. Prange Co.* (1963), 18 Wis. (2d) 547, 563, 119 N. W. (2d) 365, this court should rule on the merits of the city's argument. The appellant school district appealed from the whole judgment, and notice thereof was served on all parties. This conferred full jurisdiction upon the supreme court. In the *Turk Case,* we observed that the court is "interested in orderly procedure under which the settlement of an entire controversy can be accomplished."

### The Timeliness of the Plaintiffs' Claim.

Addressing ourselves now to the merits of the city's contention, we must determine whether the plaintiffs commenced their action within the time limit prescribed by sec. 62.25, Stats. Pursuant to that section, an action against a city must be commenced within six months after service of a notice of disallowance on a claimant; the statute requires that this notice be served upon the claimant if "the claimant in writing furnished the address of his usual place of abode." However, if the address is not furnished, the six months' period runs from the time of disallowance whether or not the claimant was served with notice thereof.

The address of the Novaks did not appear on the claim which they filed with the city clerk, but the name and address of their attorney did appear. Notice of the disallowance was not served on the Novaks or upon their attorney, and thus the six months' time limitation did not prohibit their action unless it be held that the inclusion of counsel's address was not the equivalent of the claim-

ants' address. See *Vollert v. Wisconsin Rapids* (1965), 27 Wis. (2d) 171, 133 N. W. (2d) 786.

In our opinion, the furnishing of counsel's address constituted reasonable compliance with sec. 62.25 (1) (c), Stats. Although it does not represent literal compliance with the statute, the inclusion of the name and address of the attorney was sufficiently within the statute to entitle the claimants to the service of a notice of disallowance.

In *Moyer v. Oshkosh* (1913), 151 Wis. 586, 593, 139 N. W. 378, this court discussed the presentation of claims to a municipality and stated that in looking at the requirements of the statute, "a construction which preserves a *bona fide* claim so that it may be passed upon by a competent tribunal is to be preferred to a construction which cuts it off without trial."

Our interpretation of the statute conforms to the policy of this court to preserve a *bona fide* claim where there has been substantial compliance with a statute requiring notice. *Lang v. Cumberland* (1962), 18 Wis. (2d) 157, 164, 118 N. W. (2d) 114; *Burmek v. Miller Brewing Co.* (1957), 2 Wis. (2d) 330, 334, 86 N. W. (2d) 629. Further, our interpretation also gives recognition to the important agency responsibility inherent in the attorney-client relationship. *Fontaine v. Milwaukee County Expressway Comm.*, post p. 275, 143 N. W. (2d) 3; *Estate of Thrun* (1963), 20 Wis. (2d) 275, 279, 121 N. W. (2d) 759.

*Conclusion.*

In view of our determination that the school district is not an owner within the intent of sec. 101.06, Stats., it is unnecessary for us to determine the issues concerning comparative negligence between the two governmental units. The school district is entitled to judgment dismissing the action against it, with costs against the plaintiffs.

The plaintiffs' action against the city is not barred for the alleged failure to comply with sec. 62.25, Stats. The city's motion for review (which we have treated as a cross appeal) must be denied. The plaintiffs are entitled to tax one half of their own costs on this appeal against the city of Delavan, but this does not include costs which are charged against the plaintiffs by the appellant school district.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment pursuant to the opinion.