COLBURN and another, Appellants, v. OZAUKEE COUNTY, Respondent.

*No. 288.   Argued May 6, 1968.—Decided June 4, 1968.*
(Also reported in 159 N. W. 2d 33.)

For the appellants there was a brief by *Gregory Gramling, Jr.*, attorney, and *Roland J. Steinle, Jr.*, of counsel, both of Milwaukee, and oral argument by *Mr. Gramling.*

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* and oral argument by *Reuben W. Peterson, Jr.,* all of Milwaukee.

ROBERT W. HANSEN, J. The incident or accident on which the claim of county tort liability is based in this case took place *after* the judicial abrogation in this state of governmental immunity as to torts,[1] but *before* the legislative setting of maximum damage limits and requirement of notice of injury within one hundred twenty days to the governmental subdivision involved.[2]

As to this interim period between the court's decision (in the *Holytz Case*) and the legislature's action (sec. 895.43), we deal with two statutes in interpreting the document filed by plaintiffs with defendant. One provides for a "notice of injury," requiring notice within thirty days of an accident, the place, the defect and that damages are claimed.[3] This relates to claims based on insufficiency or want of repair of "highways," which

---

[1] *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 40, 115 N. W. 2d 618, abrogated governmental immunity as to torts occurring on or after July 15, 1962, providing "If the legislature deems it better public policy, it is, of course, free to reinstate immunity. The legislature may also impose ceilings on the amount of damages or set up administrative requirements which may be preliminary to the commencement of judicial proceedings for an alleged tort."

[2] Sec. 895.43, Stats., effective July 26, 1963, imposed a maximum damage limitation of $25,000 and requires notice of injury to the relevant governmental subdivision within one hundred twenty days of the event causing injury, damage or death. (This statute was enacted as sec. 331.43 by ch. 198, Laws of 1963.)

[3] Sec. 81.15, Stats. 1961, provides in pertinent part: "If damages happen to any person . . . by reason of the insufficiency or want of repairs of a highway which any county by law . . . the county shall be liable therefor . . . . No such action shall be maintained unless within 30 days after the happening of the event causing such damages, notice in writing . . . shall be given to the county clerk of the county . . . stating the place where such damages occurred and describing generally the insufficiency or

word has been consistently construed to include sidewalks.[4]

The second pertinent statute provides for a "claim" being presented to the county which must be granted or disallowed by the county before an action can be brought against the county.[5] This statute does not set a limit as to the time within which such claim must be presented, but does provide that, once a claim has been presented and disallowed, the action must be brought within six months.

Was the notice entitled "notice of injury" filed by plaintiffs with defendant in this case in fact a "notice of injury" pursuant to sec. 81.15, Stats.? If it is that and just that, this action must be dismissed without prejudice because no "claim" has yet been filed with the county. However, plaintiffs might still present such "claim" and, upon its disallowance, commence an action for damages.

Or was the document filed a "claim" submitted pursuant to sec. 59.76 (1) and (2), Stats? If it was this, or both a "notice of injury" and a "claim," plaintiffs'

---

want of repair which occasioned it and that satisfaction therefor is claimed of such county . . . ." (This statute was amended by ch. 435, Laws of 1963, to increase the time for filing to one hundred twenty days.)

[4] *Smith v. Jefferson* (1959), 8 Wis. 2d 378, 384, 99 N. W. 2d 119; *LeMay v. Oconto* (1938), 229 Wis. 65, 68, 281 N. W. 688.

[5] Sec. 59.76 (1) and (2), then as now in pertinent part provides:

"(1) No action shall be brought or maintained against a county upon any account, demand or cause of action . . . unless such claim shall have been duly presented to such board and they shall have failed to act upon the same within the time fixed by law . . .

"(2) The decision of the county board disallowing in whole or in part any claim of any person shall be final and a bar to any action founded thereon . . . unless an action be brought to recover against the county within six months after such disallowance. Failure to allow a claim before the adjournment of the next annual session of the board after the claim is filed shall be deemed a disallowance."

action for damages must be dismissed upon the merits by reason of failure to commence the action within six months after the disallowance of the claim.

The trial court considered the notice given to be a "claim" within the meaning of sec. 59.76, Stats. This interpretation means that the county board disallowed such claim on February 19, 1964, by adjourning without considering or acting upon it, this being "the next annual session of the board" after the claim was filed. It would then follow, as the trial court held, that plaintiffs' cause of action was barred by not being commenced within six months of the disallowance.

We find, however, that the document filed with Ozaukee county was a "notice of injury" under sec. 81.15, Stats., and not a "claim" under sec. 59.76. It was clearly denominated a "notice of injury." It was filed within thirty days of the event on which the right to seek damages is based. It states ". . . the place where such damages occurred." It described generally ". . . the insufficiency and want of repair of the *path, sidewalk, highway or other thoroughfare* leading from the top of said bluff to the lakefront on account of the absence of a proper walking surface, or steps, or railing or warning signs or other devices to protect travelers and users of such park . . ." further stating that the accident was caused by county negligence ". . . in permitting beer cans, trash and debris to litter the said *path, sidewalk, highway or other thoroughfare* in such wise as to create an unreasonable hazard to travelers, users of the public park and frequenters." (Emphasis supplied.) The use of language required by sec. 81.15 is clearly evident.

It is true that the document we are required to interpret concluded with the notice that ". . . satisfaction for such injuries and damage on behalf of the said minor" was being claimed "to" the amount of fifty thousand dollars, and that ". . . satisfaction for such damages as have been incurred by the parents of such minor" was

being claimed "up to" the amount of fifteen thousand dollars. However, sec. 81.15, Stats., clearly requires that the "notice of injury" include the assertion that "satisfaction therefor is claimed of such county." The setting of upper limits by the use of the word "to" and the words "up to" does not take the "notice of injury" beyond sec. 81.15 and make it the "claim" required by sec. 59.76. That the notice stated damage limits above the $10,000 ceiling of sec. 81.15 as it then read was no more than a reservation by plaintiffs of possible rights to recovery under a different theory of the case.

We are helped to this conclusion by the admitted fact that the county officials in Ozaukee county treated the document here in question as a "notice of injury," not as a "claim." The Ozaukee county clerk testified that he never presented the document to the county board as a "claim" against the county. (Sec. 59.79, Stats., requires the county clerk to "lay before" the board, at the first meeting possible, any sec. 59.76 "claims" which have been filed.) The county board took no action of any kind on the document filed. The plaintiffs were never notified that their claim had been disallowed. It is clear that the defendant considered the notice to be no more than a notice of injury. This is not conclusive as to the nature of the document, but it certainly does not weaken the interpretation that it was a notice, not a claim.

Where a "notice of injury" requirement and a "notice of claim" prerequisite to a suit against a county exist side by side, the distinction in purpose between the two must be kept in mind. In *Wentworth v. Summit,*[6] this court pointed out that a principal purpose of a notice of injury statute is to enable municipal officers to investigate the matter, while the principal purpose of a filing of claim statute is to afford the municipality an opportunity to effect compromise without suit. More

---

[6] (1884), 60 Wis. 281, 282, 19 N. W. 97.

recently, this court has stated that a notice of injury statute performs an entirely different function than does a filing of claim statute.[7] The purpose intended and effected here was that of giving notice of injury to the county. As was done in the *Pattermann Case*, we reject the contention that the notice here given "serves the double function of serving as a claim as well as a notice of injury."[8] As was concluded in the *Pattermann Case*, we conclude that the document served and filed "constituted a notice of injury and not a claim."[9] In its answer in this case, before the motion for summary judgment was brought, defendant contended that no claim had ever been presented by plaintiffs to the county board. We agree.

It follows, using the words of the *Pattermann Case*, that:

"Inasmuch as we have construed the document served and filed by plaintiff to have constituted only a notice of injury and not a claim, the dismissal of the complaint should have been without prejudice in order to afford plaintiff the opportunity to comply with [the claims statute], and in the event the [county] denies [the] claim, to commence a subsequent action against the [county]. Accordingly the judgment should be so modified as to strike the words 'upon the merits' from the . . . judgment . . . and substituting for the stricken words 'without prejudice.' "[10]

*By the Court.*—Judgment modified and, as modified, affirmed.

---

[7] *Pattermann v. Whitewater* (1966), 32 Wis. 2d 350, 145 N. W. 2d 705.

[8] *Id.* at page 357.

[9] *Id.* at page 358.

[10] *Id.* at page 360.