Elva Leone RADTKE, Plaintiff-Respondent-Petitioner,

v.

The CITY OF MILWAUKEE, Defendant-Appellant.

Supreme Court

*No. 82–566. Argued January 3, 1984.—Decided January 31, 1984.*

(Also reported in 342 N.W.2d 435.)

For the plaintiff-respondent-petitioner there were briefs by *Clyde M. Paust,* Milwaukee, and oral argument by *Mr. Paust.*

For the defendant-appellant the cause was argued by *Joseph H. McGinn,* assistant city attorney, with whom on the brief was *James B. Brennan,* city attorney.

WILLIAM G. CALLOW, J. This is a review of an unpublished decision of the court of appeals reversing a judgment of the circuit court for Milwaukee county, Reserve Judge Elliott N. Walstead, in favor of the plaintiff, Elva Leone Radtke, in a personal injury action brought against the city of Milwaukee (City). We reverse the court of appeals and remand the matter for further proceedings consistent with this opinion.

The issue presented on appeal is whether strict compliance with the terms of sec. 81.15, Stats., 1975,[1] is

---

[1] Section 81.15, Stats. 1975, provided in relevant part:

"**Damages caused by highway defects; liability of town and county.** If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city or village. . . . No such action shall be maintained unless within 120 days after the happening of the event causing such damages, notice in writing signed by the party, his agent or attorney shall be given to the . . . city clerk of the city against which damages are claimed, stating the place where such damages occurred, and describing generally the insufficiency or want of repair which occasioned it and that satisfaction therefor is claimed of such county, town, city or village."

required in order to pursue a claim for damages resulting from a fall on an allegedly defective sidewalk.

On December 20, 1976, Elva Leone Radtke was injured when she tripped and fell on an uneven sidewalk in the city of Milwaukee. Shortly after the incident occurred, police officer Robert Pasko investigated the scene and interviewed witnesses. Pasko's injury report was forwarded to the Milwaukee city attorney's office, which received it December 21, 1976.

On April 19, 1977, Radtke filed a document entitled "Notice of Injury" with the Milwaukee city clerk's office. The notice described Radtke's injuries, stated where and when they had occurred, and described the alleged defect which had caused the fall. The notice did nct state that Radtke claimed satisfaction from the City. Radtke subsequently filed a notice of claim with the city clerk on September 27, 1977. The City disallowed Radtke's claim on November 15, 1977.

Radtke filed a complaint seeking damages from the City in Milwaukee county circuit court on June 27, 1978. After a dismissal of the complaint and an appeal in which the court of appeals reversed and remanded the case for further proceedings, the City moved for summary judgment. The City claimed that Radtke's failure to include in her notice of injury a statement that satisfaction was claimed from the City, as required by sec. 81.15, Stats. 1975, constituted a failure to comply with a condition precedent to maintenance of the action.

The circuit court denied the motion. The court reasoned that, because this court in *Holytz v. Milwaukee*, 17 Wis. 2d 26, 115 N.W.2d 618 (1962), recognized a com-

---

This statute was modified in Chapter 285, sec. 5, Laws of 1977, so that the requirement of notice was governed by sec. 895.43, Stats. (now renumbered as sec. 893.80, Stats.). As a result, the statute no longer requires that the notice of injury contain the words "satisfaction therefor is claimed of such . . . city."

mon law right of action against municipalities, the right no longer was statutorily based. Because sec. 81.15 then became a procedural limitation on the action, only substantial compliance, not strict compliance, with its terms was required to maintain an action. The court concluded that Radtke's notice of injury substantially complied with the statute, notwithstanding that it did not state that satisfaction was claimed from the City. After trial to the court on January 7, 1982, the court on February 9, 1982, entered judgment for the plaintiff in the sum of $5,618.10 for damages and costs.

The City appealed the judgment to the court of appeals. The court held that *Holytz* did not change the requirement that the terms of sec. 81.15, Stats., 1975, must be strictly complied with as a condition precedent to bringing an action. Because Radtke's notice of injury did not contain the satisfaction clause, the court of appeals concluded that Radtke had failed to comply with a condition precedent to recovery and, therefore, was not entitled to judgment. Accordingly, the court of appeals reversed and remanded the case with instructions that the circuit court dismiss the complaint on the merits.[2]

Radtke petitioned for review by this court pursuant to sec. 808.10, Stats. We granted the petition on April 22, 1983.

Sec. 81.15, Stats., has been construed to cover sidewalks as well as "highways." *Harte v. Eagle River,* 45 Wis. 2d 513, 517, 173 N.W.2d 683 (1970). Neither party to the appeal disputes the applicability of sec. 81.15

[2] The court of appeals did not address the other issues raised by the City, namely, whether Radtke's claim was barred by sec. 62.25(1)(e), Stats. 1975; whether the action should have been dismissed following presentation of Radtke's case on the ground that she failed to prove that the City had actual or constructive notice of the condition of the sidewalk; and whether no actionable defect existed in the sidewalk as a matter of law.

to this action. Thus, the only issue is whether Radtke complied sufficiently with the notice requirements of sec. 81.15 to maintain her action.

Prior to this court's decision in *Holytz, supra,* causes of action against municipalities for sidewalk defect injuries arose solely by the terms of sec. 81.15. *See Hogan v. Beloit,* 175 Wis. 199, 202, 184 N.W. 687 (1921). Thus, sec. 81.15 constituted the only means to secure the substantive right to pursue such claims. Because sec. 81.15 was the source of the right to recovery, compliance with all the conditions imposed by the legislature was necessary to pursue a claim. *See id.*

In *Holytz,* however, we abrogated common law municipal tort liability and thus altered the function of sec. 81.15, Stats.: "Before *Holytz,* liability of the municipality arose by virtue of sec. 81.15 upon the giving of notice. Since *Holytz,* the liability [of the municipality] would exist in the absence of the statute, and the statute is a limitation upon it." *Lang v. Cumberland,* 18 Wis. 2d 157, 165, 118 N.W.2d 114 (1962).[3] Thus, sec. 81.15 after *Holytz* existed only to provide the procedure by which to prosecute a claim, but did not exist to supply the legal right to pursue a claim. *See Schwartz v. Milwaukee,* 43 Wis. 2d 119, 123, 168 N.W.2d 107 (1969).

We have recognized that the notice requirements of sec. 81.15, Stats., continue to stand as a condition precedent to pursuing a claim. *See Ocampo v. Racine,* 28 Wis. 2d 506, 510, 137 N.W.2d 477 (1965). We have also noted that there must be a *proper* notice filed as a condition precedent to recovery under a similar statute, sec. 62.25. *Sambs v. Nowak,* 47 Wis. 2d 158, 167, 177 N.W.2d 144

---

[3] Because *Holytz v. Milwaukee,* 17 Wis. 2d 26, 115 N.W.2d 618 (1962), changed the function of sec. 81.15, pre-*Holytz* cases interpreting the statute are inapposite to our interpretation in this case of the notice requirements imposed by sec. 81.15, Stats.

(1970). The question then becomes, what is *proper* notice under sec. 81.15?

We conclude that, because sec. 81.15 is a procedural limitation on bringing a claim, we should look to our interpretation of a similar procedural claim statute, sec. 62.25. Sec. 62.25 governs the procedure by which notices of claims must be given to municipalities. In discussing the notice requirements of sec. 62.25, we have stated that it is the "policy of this court to preserve a *bona fide* claim where there has been substantial compliance with a statute requiring notice." *Novak v. Delavan,* 31 Wis. 2d 200, 211, 143 N.W.2d 6 (1966) (citations omitted). We have further recognized that, in looking at the requirements of a claims statute, "[a] construction which preserves a *bona fide* claim so that it may be passed upon by a competent tribunal is to be preferred to a construction which cuts it off without trial." *Moyer v. Oshkosh,* 151 Wis. 586, 593–94, 139 N.W. 378 (1913). This is in accord with the general rule pertaining to notice statutes:

". . . [S]tatutes requiring the giving of notice within a specified time after accrual of the cause of action as a condition precedent to the right to maintain an action to enforce the right, generally are construed liberally in favor of plaintiff or claimant, and a substantial, rather than a technical, compliance with the requirements of notice ordinarily will be considered sufficient; but a notice which fails to state the essential requirements of the statute is not sufficient." 1 Am. Jur. 2d *Actions* sec. 81 (1962) (footnotes omitted).

We are persuaded that sec. 81.15, like sec. 62.25, should be construed to require only substantial compliance with the notice requirements.

To decide whether there was substantial compliance in this case, we must determine whether the notice of in-

jury actually given contained sufficient elements of the notice requirements to fulfill the objective of the statute. A notice of injury statute, such as sec. 81.15, seeks to provide the proper authorities with an opportunity to investigate a claim which is not stale. *Mannino v. Davenport*, 99 Wis. 2d 602, 609, 299 N.W.2d 823 (1981). (Citation omitted.) The investigatory objective can be best fulfilled if the proper authorities have requisite and timely notice of the facts and circumstances of the incident. The requirements of sec. 81.15 that the notice include information about the place of the incident and the alleged defects which caused the injury are essential to apprise the municipality of information necessary to carry out an investigation. On the other hand, the information that satisfaction will be claimed from the municipality does not contribute information necessary to a proper investigation. While "satisfaction" language may serve to impress upon the municipality the need to undertake an investigation, it does not in itself provide information necessary to conduct an investigation. We also note in this regard that after *Holytz* municipalities must be held to be aware that they are liable for certain personal injury claims. Thus the statutory notice under sec. 81.15 is required to enable the municipality to determine the nature of the incident, not to provide notice that the injured party will bring a claim for damages. This latter notice is accomplished by the notice of claim statute, sec. 62.25, which also stands as a condition precedent to recovery on the claim. The combined effect of these two statutes adequately protects the interests of municipalities in regard to claims arising from sidewalk accidents. We conclude that the satisfaction clause of sec. 81.15 is not essential[4] to fulfill

---

[4] We have held that, if a notice fails to state any one of the essential requirements of the statute, it is not sufficient. *Voss v. Tittel*, 219 Wis. 175, 180, 262 N.W. 579 (1935). In several

the objective of the statute. We hold, therefore, that substantial compliance for purposes of notice under sec. 81.15 does not include the requirement that the words "satisfaction therefor is claimed of such . . . city" appear in the notice of injury.

Under our interpretation of substantial compliance as applied to the notice requirement of sec. 81.15, Radtke's notice of injury satisfied the requirements of the statute. The notice of injury included information about the date, time, and place of the fall and the alleged defect which caused the fall. This information was sufficient to put the City on notice that it should investigate the incident and, further, provided information necessary to carry out an investigation. In fact, the record shows that the City thoroughly investigated the incident within two hours after it occurred. Thus, the notice of injury only confirmed facts of which the City was already aware. We also note that the record shows that a Milwaukee police officer took photographs of the scene on April 25,

cases we have stated that the satisfaction clause is an essential element of sec. 81.15 notice. *See, e.g., Rudolph v. Currer,* 5 Wis. 2d 639, 644, 94 N.W.2d 132 (1959); *Hogan v. Beloit,* 175 Wis. 199, 202–03, 184 N.W. 687 (1921); *Staszcuk v. Gilman Mfg. Co.,* 159 Wis. 615, 617, 150 N.W. 982 (1915). While the satisfaction clause may have been essential when sec. 81.15 defined a substantive right, we have concluded in this case that it is no longer essential to fulfill the statute's objective. However, in a post-*Holytz* case, *Colburn v. Ozaukee County,* 39 Wis. 2d 231, 238, 159 N.W.2d 33 (1968), we stated in dicta that sec. 81.15 "clearly requires" inclusion of the satisfaction clause in a notice of injury. Although the terms of sec. 81.15 listed the satisfaction clause as one of the elements of notice, we have held in this case that the notice *must* include only those elements which are necessary to fulfill the objective of the statute. Thus, *Colburn* was correct in that sec. 81.15 "requires" inclusion of the satisfaction clause, but the case should not be interpreted to mean that the failure to include the clause in a notice of injury is fatally defective to maintenance of the action.

1977, six days after the notice of injury was filed. While it is unclear whether the photographs were taken in direct response to the notice, it is evident that the notice contained sufficient information to prompt such investigatory activities. Finally, we note that the notice specified that Radtke had "sustained painful and disabling injuries." This information, when viewed with the applicable law and the nature of the incident, constituted constructive notice that Radtke would seek "satisfaction" for her injuries.

Under the facts of this case, we hold that the sec. 81.15 notice of injury filed by Radtke was proper for purposes of maintaining her action against the City. Accordingly, we reverse the decision of the court of appeals, and remand the case to the court of appeals for consideration of all unresolved issues raised by the City.

*By the Court.*—The decision of the court of appeals is reversed, and cause remanded for further proceedings consistent with this opinion.

SHIRLEY S. ABRAHAMSON, J. (concurring in part and dissenting in part). I agree with the court's disposition of the issue decided in the opinion, but I would not remand the remaining issues to the court of appeals for decision.

As I have explained before, I believe that this court has the power to remand issues to the court of appeals, but in the interest of judicial economy, speedy resolution of appeals, reduced costs to the litigants, and finality of decisions, I would have this court decide the entire case on review. *See Crown Life Ins. Co. v. LaBonte,* 111 Wis. 2d 26, 45–46, 330 N.W.2d 209 (1983).