PATTERMANN, Appellant, v. CITY OF WHITEWATER, Respondent.

*October 4—November 1, 1966.*

352

For the appellant there was a brief by *Morrissy, Morrissy, Sweet & Stowe* of Elkhorn, and *Rogers & Rogers* of Whitewater, and oral argument by *Ralph Stowe.*

For the respondent there was a brief by *Lehman & Seymour* of Elkhorn, and oral argument by *William L. Seymour.*

CURRIE, C. J. These four questions are presented by this appeal:

(1) Is a plaintiff in a tort action against a city required to comply with both the notice of injury provision of sec. 895.43 (formerly sec. 331.43), Stats., and the filing of claim provision of sec. 62.25, as conditions precedent to instituting suit?

(2) What is the character of the written notice plaintiff served October 3, 1963, on the city clerk?

(3) Is it proper to grant summary judgment where the only question is that of the legal effect of a document?

(4) Should the instant judgment have dismissed plaintiff's complaint against the city without prejudice?

### Required Compliance With Both Statutes.

Sec. 62.25, Stats., is a statute of long standing and sub. (1) (a) thereof provides:

"No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within 90 days after presentation is a disallowance."

Sec. 895.43, Stats., is of much more recent origin, having been enacted as sec. 331.43 by ch. 198, Laws of 1963, as a direct aftermath of this court's decision in *Holytz v. Milwaukee* [1] wherein the prior rule of governmental immunity for torts was abrogated. The two principal provisions of this statute are: (1) To require the giving of notice of injury within one hundred and twenty days after the event causing injury, damage, or death, to the governmental subdivision as a condition to maintaining a tort action against it; and (2) imposing a maximum damage limitation of $25,000.

---

[1] (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618.

The statutory language of sec. 895.43, Stats., which is at the root of the instant controversy as to whether plaintiff was required to comply with the filing of claim provision of sec. 62.25 as well as giving the notice of injury pursuant to sec. 895.43, is found in sub. (4) of the latter statute which provides:

". . . the provisions and limitations of this section *shall be exclusive* and shall apply to all actions in tort against a . . . governmental subdivision . . . ." (Italics supplied.)

Plaintiff contends that the filing of claim requirement of sec. 62.25, Stats., has now been replaced and superseded as a result of the above-quoted provision of sub. (4) of sec. 895.43.

We are not confronted with an issue of express repeal but rather one of repeal by implication since "An express repeal must designate the statute repealed in such manner as to leave no doubt as to what statute is intended." [2] The rule of statutory construction with respect to repeals by implication is stated in *Union Cemetery v. Milwaukee* [3] as follows:

"Repeals by implication are not favored in the law. The earlier act will be considered to remain in force unless it is so manifestly inconsistent and repugnant to the later act that they cannot reasonably stand together, *Kienbaum v. Haberny* (1956), 273 Wis. 413, 78 N. W. (2d) 888, *Milwaukee County v. Milwaukee Western Fuel Co., supra,* or when the intent of the legislature to repeal by implication clearly appears. *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370. See also 1 Sutherland, Statutory Construction (3d ed.), p. 487, sec. 2021." [4]

This rule of statutory construction is particularly applicable where as here the statute claimed to be

---

[2] 82 C. J. S., Statutes, p. 475, sec. 284.

[3] (1961), 13 Wis. (2d) 64, 108 N. W. (2d) 180.

[4] Id. at page 71. See also *Fleming v. Barry* (1963), 21 Wis. (2d) 259, 267, 124 N. W. (2d) 93.

repealed is of long standing and has for a long time been rigidly adhered to.[5]

This court has long recognized that a notice of injury statute performs an entirely different function than does a filing of claim statute. In *Wentworth v. Summit*[6] the court pointed out that one of the purposes of a notice of injury statute is so that the municipal officers may investigate the matter, while the objective of a filing of claim statute is to afford the municipality an opportunity to effect compromise without suit. An excellent elaboration of this latter objective is set forth in 38 Am. Jur., Municipal Corporations, as follows:

"Statutory . . . provisions requiring presentation of claims or demands to the governing body of the municipal corporation before an action is instituted are in furtherance of a public policy to prevent needless litigation and to save unnecessary expenses and costs by affording an opportunity amicably to adjust all claims against municipal corporations before suit is brought."[7]

It is significant that sec. 895.43, Stats., does not require that a claim, demand, or satisfaction be presented. It requires only that the injured party present a "written notice of the time, place and circumstances of the injury or damage . . . ."[8] Thus it cannot be argued that such notice serves the double function of serving as a claim as well as a notice of injury.

Since this notice of injury serves an entirely different purpose than a claim we reject the hypothesis that the aforequoted provision of sub. (4) of sec. 895.43, Stats.,

[5] 82 C. J. S., Statutes, pp. 486, 487, sec. 288.

[6] (1884), 60 Wis. 281, 282, 19 N. W. 97. See also *Firemen's Ins. Co. v. Washburn County* (1957), 2 Wis. (2d) 214, 226, 228, 85 N. W. (2d) 840.

[7] P. 383, sec. 674. See also *Bosin v. Minneapolis, St. P. & S. Ste. M. R. Co.* (D. C. Wis. 1960), 183 Fed. Supp. 820, 823, affirmed (7th Cir. 1961), 297 Fed. (2d) 583, 93 A. L. R. (2d) 1378, in which the purpose of sec. 62.25, Stats., is discussed.

[8] Sub. (1).

worked a repeal by implication of sec. 62.25 insofar as tort actions against municipalities are concerned. We construe the statutory words "limitations of this section" as found in sub. (4), as being confined to required notices of injury and the fixed maximum amount of damages and not encompassing a filing of claim statute such as sec. 62.25. Therefore, in order for plaintiff to have successfully defeated the city's motion for summary judgment, it was necessary that he either have complied with both sec. 895.43 (formerly sec. 331.43) and sec. 62.25, or have presented facts which raised a disputed factual issue with respect to such compliance.

*Character of Notice Served by Plaintiff.*

The document which plaintiff served on, and filed with, the city clerk on October 3, 1963, was entitled, "Notice of Claim for Damages." It did not make a demand for a specific sum of money but merely stated that the damages would not exceed the $25,000 statutory limitation. It seems clear that plaintiff was therein referring only to sec. 331.43, Stats. 1963, and was not presenting a claim. In *Firemen's Ins. Co. v. Washburn County*,[9] this court speaking of the claim statutes (secs. 59.76 and 59.77) relating to counties stated:

"Implicit in the requirements of secs. 59.76 and 59.77 is that *the amount of the claim be stated in dollars and cents,* because without this it would be impossible for the county board to properly allow the claim." (Emphasis supplied.) [10]

Therefore, we hold that the document served and filed by the plaintiff constituted a notice of injury [11] and not

---

[9] *Supra*, footnote 6.

[10] Id. at page 226.

[11] "Notice of injury" is used throughout this opinion in its broad generic sense of also embracing wrongful death.

a claim. It probably was entitled "Notice of Claim for Damages" because then sec. 331.43, Stats. 1963, bore a caption title containing the words "notice of claim." However, the title description cannot convert what otherwise is a notice of injury into a claim in the sense in which "claim" is used in sec. 62.25.

### Right to Grant Summary Judgment
### When Sole Issue is Legal Effect of Document.

Plaintiff contends it was improper for the trial court to construe the legal effect of plaintiff's document upon a motion for summary judgment. We determine that it is proper for a trial court to do this where, as here, there are no disputed questions of fact that would be material on the issue of the construction of a written document.

No affidavits were filed, nor other proof offered, in opposition to defendant's motion for summary judgment. An examination of the material portions of the record consisting of plaintiff's complaint, the defendant's answer, and the affidavit of the deputy city clerk in support of defendant's motion for summary judgment to which is attached plaintiff's "Notice of Claim for Damages" and the minutes of the city council meeting at which the "claim" was disallowed, does not disclose a substantial issue of fact but one of law only, *i.e.*, the legal effect of the document filed by the plaintiff.

This court has repeatedly held that "entry of summary judgment is proper where issues are legal rather than factual." [12] We can perceive of no valid reason why this principle is not applicable to a situation where the only issue is the effect to be given a written document.

---

[12] *State ex rel. State Bar v. Keller* (1962), 16 Wis. (2d) 377, 382, 114 N. W. (2d) 796, 116 N. W. (2d) 141; *Phillips Petroleum Co. v. Taggart* (1955), 271 Wis. 261, 270, 271, 73 N. W. (2d) 482.

## Dismissal Without Prejudice.

The trial court's memorandum decision, on the motion to grant summary judgment and on the subsequent motion to vacate, construed plaintiff's notice to the city as being both a notice of injury under sec. 331.43, Stats. 1963, and a claim under sec. 62.25. Therefore, because the city had disallowed it as a claim and more than six months had thereafter elapsed before plaintiff commenced his action, the trial court held that the city was entitled to judgment on the merits dismissing the complaint as to it. Incidental to arriving at this conclusion the trial court held that the city was excused from giving the notice of disallowance of claim required to be given by sub. (1) (c) of sec. 62.25 [13] because of the failure of plaintiff's notice to set forth his address.

Inasmuch as we have construed the document served and filed by plaintiff to have constituted only a notice of injury and not a claim, the dismissal of the complaint should have been without prejudice in order to afford plaintiff the opportunity to comply with sec. 62.25, Stats., and in the event the city denies his claim, to commence a subsequent action against the city. Accordingly the judgment should be so modified as to strike the words "upon the merits" from the paragraph of the judgment which reads, "It is Adjudged that the complaint of the plaintiff herein as to the said defendant, City of Whitewater, be, and the same hereby is, dis-

[13] This subparagraph provides: "The clerk shall cause to be served on the claimant notice of any disallowance if the claimant in writing furnished the address of his usual place of abode. The notice shall be served by a police officer, without fees, in the manner of service of summons in justice court. If the claimant be a nonresident and he furnished the address of his usual place of abode, the notice shall be sent to such address by registered mail and receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service."

missed upon its merits;" and substituting for the stricken words "without prejudice."

While sec. 893.205 (formerly sec. 330.205), Stats., imposes a three-year statute of limitation on plaintiff's cause of action which accrued June 6, 1963, sec. 893.35 [14] (formerly sec. 330.35) invokes an exception that will authorize plaintiff to commence an action within one year from the date of our mandate modifying the judgment. Of course it will be necessary that plaintiff comply with sec. 62.25 before again instituting his action.

While sec. 893.35, Stats., speaks in terms of a reversal, we interpret it as also encompassing modification of a judgment of the nature herein directed. This court could accomplish the same result by reversing the judgment and remanding for the entry of proper judgment, but this would appear to be an unnecessarily cumbersome procedure.

*By the Court.*—Judgment modified as provided in the opinion, and, as so modified, is affirmed. Plaintiff shall be permitted to tax one half of his costs on this appeal.

---

[14] This statute provides: "If an action shall be commenced within the time prescribed therefor and a judgment therein for the plaintiff, or the defendant, be reversed on appeal, the plaintiff, or if he dies and the cause of action survives, his heirs or representatives may commence a new action within one year after the reversal."