SAMBS, by Guardian *ad litem*, Plaintiff and Respondent, v. NOWAK and another, Defendants and Respondents: CITY OF BROOKFIELD, Defendant and Appellant.

*No. 231. Argued April 27, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 144.)

160

For the appellant there were briefs by *Hippenmeyer, Reilly, Fritz & Arenz* of Waukesha, and oral argument by *Richard S. Hippenmeyer.*

For the respondent Raymond J. Sambs there was a brief by *V. John Burggraf* and *Wickert & Fuhrman,* attorneys, and *Aaron Belongia* of counsel, all of Milwaukee, and oral argument by *Mr. Belongia.*

WILKIE, J.   Several issues are raised by the city's appeal. They are:

1. Was the plaintiff's "notice of claim" sufficient to meet the requirements of sec. 62.25, Stats.?

2. Is the city estopped from requiring compliance with sec. 62.25, Stats.?

3. Is the allegation that the city, by acquiring liability insurance, rendered sec. 62.25, Stats., ineffective, a new claim barred by the statute of limitations?

4. Did the city, by acquiring liability insurance, render sec. 62.25, Stats., ineffective?

1. *Was the "notice of claim" effective under sec. 62.25, Stats.?* Since there is no factual issue presented for determination and the only question presented is a question of law concerning the interpretation of plaintiff's notice of claim in the light of the requirements of sec. 62.25,[1] the matter was properly presented by motion for summary judgment.

For example, in *Pattermann v. Whitewater,*[2] involving a somewhat similar question of interpretation of a notice of claim against a city, we said:

"This court has repeatedly held that 'entry of summary judgment is proper where issues are legal rather than factual.' We can perceive of no valid reason why this principle is not applicable to a situation where the only issue is the effect to be given a written document."[3] (Citations omitted.)

---

[1] Sec. 62.25, Stats., provides in part: "(1) CLAIMS. (a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. . . ."

[2] (1966), 32 Wis. 2d 350, 145 N. W. 2d 705.

[3] *Id.* at page 359.

There is no question but what the notice of claim filed with the city in this case contained no stated dollar amount on plaintiff's claim. It is now well established by previous decisions of this court that for a claim to have efficacy under sec. 62.25, Stats., it must state a specific dollar amount. For example, in *Schwartz v. Milwaukee*,[4] this court discussed two "notices of claim" filed and concluded that the notices of claim were not that but rather were notices of injury. In that case this court said: "Both of these notices were rejected by the city and neither could be considered a notice of claim *because they stated no amount for the injuries.*"[5] (Emphasis added.)

It is apparent, therefore, that the plaintiff's notice of claim was not in fact a notice of claim within the existing judicial interpretation of that phrase as used in sec. 62.25, Stats. What was filed here can be viewed as a notice of injury, thereby satisfying the requirements of either sec. 81.15 or sec. 895.43 (2). However, as was made clear in the *Schwartz Case*, both a notice of injury *and* a notice of claim must be given. In *Schwartz*, we also stated that

". . . if the claim has not been filed and rejected at the time the issue is raised in the suit, which is commenced before the filing and rejection of the claim, the action shall be dismissed."[6]

This language indicates a mandatory dismissal. Here there was no claim; thus, unless there is some reason why the result should not follow, this action should have been dismissed.

---

[4] (1969), 43 Wis. 2d 119, 168 N. W. 2d 107.

[5] *Id.* at page 124. *See Colburn v. Ozaukee County* (1968), 39 Wis. 2d 231, 159 N. W. 2d 33; *Pattermann v. Whitewater, supra,* footnote 2; *Firemen's Ins. Co. v. Washburn County* (1957), 2 Wis. 2d 214, 85 N. W. 2d 840.

[6] *Schwartz v. Milwaukee, supra,* footnote 4, at page 128.

The respondent argues that although there has not been literal compliance with the requirements of sec. 62.25, Stats., as regards a filing of a claim, the purpose of the statute has been met. The reason for requiring a notice of claim to be served is to give the city an opportunity to compromise and settle the claim without resorting to costly, extended litigation.[7] The plaintiff argues that the notice of claim served on the city in this case fulfilled that purpose.

This argument would have merit if the notice of claim, even if subsequently held to be ineffectual, had stated a dollar value on the claim. It is difficult to see how the notice of claim here could give the city an opportunity to compromise when the amount of the claim was not stated.

We recognize that in discussing the presentation of claims to municipalities we have stated that in looking at the requirements of the statute "[a] construction which preserves a *bona fide* claim so that it may be passed upon by a competent tribunal is to be preferred to a construction which cuts it off without trial." [8]

Nevertheless, in failing to state a dollar amount for the claim, the authorities make it clear that the notice in the instant case was insufficient and failed of substantial compliance with the requirements of sec. 62.25, Stats.

2. *Is the city estopped from requiring a notice of claim in compliance with sec. 62.25, Stats.?* Respondent contends that even if the "notice of claim" did not meet the statutory requirements of a claim the city is estopped to deny compliance with the notice of claim requirements of sec. 62.25, Stats.

---

[7] *See Pattermann v. Whitewater, supra,* footnote 2, and cases cited therein. *See also: Colburn v. Ozaukee County, supra,* footnote 5.

[8] *Moyer v. Oshkosh* (1913), 151 Wis. 586, 593, 594, 139 N. W. 378.

In its decision denying the city's motion for summary judgment, the trial court, agreeing with this contention, concluded:

"The motion for summary judgment by the city of Brookfield must be denied. It is brought after a detrimental change in position by the plaintiff, giving rise to estoppel. On the merits the city has, by deliberate choice, accepted the document filed as a claim, and for its own benefit served notice of disallowance and has thereby waived the technical requirements, and is estopped from now relying on them."

However, in *Schwartz* we made it clear [9] that filing a claim is a condition precedent to recovery in a case such as is involved here. The defendant-appellant city cannot be estopped to assert plaintiff-respondent's failure to properly comply with the notice of claim requirements of sec. 62.25, Stats.

Actually, the "notice of claim" given here, since it stated no dollar amount, can be viewed as no claim at all, regardless of the city's subsequent disallowance of it. If it is viewed as no claim at all, the case then becomes analogous to those situations where there is a total failure to file a claim prior to the time the issue was raised in the action.[10] This is, at least, a condition precedent to recovery and in such situations dismissal follows.[11] Accordingly, the holding in *Schwartz* is refined to require a *proper* notice of claim to be filed as a condition precedent to recovery. The city was not estopped here [12] from asserting this defense at the point it did.

3. *Is the plaintiff asserting a new claim barred by the statute of limitations in alleging that defendant city,*

[9] *Schwartz v. Milwaukee, supra,* footnote 4, at page 128.

[10] *Foreway Express, Inc. v. Hilbert* (1966), 32 Wis. 2d 371, 145 N. W. 2d 668.

[11] *See Schwartz v. Milwaukee, supra,* footnote 4.

[12] *See generally: L. G. Arnold, Inc. v. Hudson* (1934), 215 Wis. 5, 254 N. W. 108.

*by acquiring liability insurance, rendered sec. 62.25, Stats., ineffective?* The city contends that it was not until plaintiff served its amended complaint on April 23, 1969, that the issue of the effect of the city's liability insurance on the requirements of sec. 62.25, Stats., was raised. This was four years and two months after the accident and more than two years after the plaintiff became twenty-one years of age. The city contends this is a "new claim" and is thus barred by sec. 893.205 (1) and sec. 893.33.

This argument has no merit. The frequently cited *Meinshausen v. A. Gettelman Brewing Co. Case,*[13] set forth the rule that an amendment:

". . . 'which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. . . .' "[14]

The allegation (in the amended complaint) challenged here merely expands the cause of action already propounded by the plaintiff and as such is not barred by the statute of limitations.[15] The plaintiff, by raising this issue, is still merely trying to force the city to respond in damages for its alleged negligence in causing plaintiff's injury. This allegation is only a new wrinkle on plaintiff's previously stated cause of action.

4. *Did the city, by acquiring liability insurance, render the requirements of sec. 62.25, Stats., under state law, ineffective?* The argument made by the plaintiff on this issue is: Since the purpose of sec. 62.25, Stats., is to afford the city an opportunity to compromise claims, the city, by purchasing liability insurance with a policy

[13] (1907), 133 Wis. 95, 113 N. W. 408.

[14] *Id.* at page 102.

[15] *See generally: Lealiou v. Quatsoe* (1961), 15 Wis. 2d 128, 112 N. W. 2d 193.

provision vesting complete right to investigate, negotiate and settle any claim in the insurer, has elected to waive the purposes of sec. 62.25 as far as itself compromising any claims is concerned. Thus, the failure of the plaintiff's notice of claim to state a dollar amount is immaterial since sec. 62.25 no longer applies.

The plaintiff recognizes that there is no direct authority in Wisconsin case law reaching this result. However, as general authority, the plaintiff cites *Marshall v. Green Bay*,[16] wherein this court, in dealing with a situation which arose prior to the effective date of the abrogation of the doctrine of governmental immunity for torts,[17] held that where a city obtains a policy of liability insurance which includes a provision that the insurer would not raise the defense of governmental immunity, it is a waiver of governmental immunity.

However, in *Marshall* this court specifically said:

". . . We do not hold, however, a municipality waives its immunity when it takes out a liability policy which does not contain the condition or agreement to refrain from raising the defense of governmental immunity."[18]

We fail to see the materiality of the *Marshall* decision to the instant issue. Plaintiff, citing *Marshall*, advances the proposition that a city has the inherent power to waive its immunity and that the defendant city, by agreeing to lodge the exclusive control of the settlement of claims with its insurer, has waived the statutory protection found in sec. 62.25, Stats.

But regardless of who has the authority to compromise and adjust claims against the city, before any attempts at compromise are made, a claim must exist. Whether it is the city or its insurer who engages in the adjustment

---

[16] (1963), 18 Wis. 2d 496, 118 N. W. 2d 715.

[17] *See Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618.

[18] *Supra,* footnote 16, at page 502. *See also: Niedfelt v. Joint School District* (1964), 23 Wis. 2d 641, 127 N. W. 2d 800.

and compromise of a claim, sec. 62.25, Stats., protects either by requiring a claim to be made. Even assuming that when a city obtains liability insurance with a provision in the policy requiring the insurer to settle any claims, the requirements of sec. 62.25, as far as protecting the city is concerned, are waived, nevertheless, the protections of that statute inure to the benefit of the insurer. A claim must be filed.

Our consideration of the issues raised by the city leads us to conclude that the trial court was in error in not granting defendant's motion for summary judgment. The trial court should have granted the motion and dismissed the action without prejudice,[19] in order to afford the plaintiff the opportunity to comply with sec. 62.25, Stats.

Although the statute of limitations has now run on the plaintiff's original cause of action,[20] sec. 893.35, Stats., invokes an exception to the barring of plaintiff's cause of action on that account and authorizes the plaintiff to commence an action within one year from the date of the decision in this case.[21]

### Motion to review.

The final issue to be considered on this appeal is the one raised by plaintiff's motion to review: Did the city show sufficient "cause" as required in sec. 269.45 (2), Stats., on its motion for enlargement of time to move for summary judgment?

Although sec. 270.635 (1), Stats., requires summary judgment to be brought within forty days after the joinder of issue, enlargement of time for cause may be grant-

---

[19] *See Colburn v. Ozaukee County, supra,* footnote 5, at page 239; *Pattermann v. Whitewater, supra,* footnote 2 at page 360.

[20] *See* sec. 893.205, Stats.

[21] *See generally: Pattermann v. Whitewater, supra,* footnote 2, at page 361.

ed within the discretion of the trial court.[22] The trial court here exercised that discretion in granting the extension.

Furthermore, the record is unclear as to whether plaintiff objected to defendant's motion to extend time. If there was no objection (and this seems to be the case), plaintiff cannot now raise the issue.[23]

*By the Court.*—Order reversed. No costs to be taxed on this appeal.

---

[22] Sec. 269.45, Stats.
[23] *See Rice v. Gruetzmacher* (1965), 27 Wis. 2d 46, 133 N. W. 2d 401.