JASENCZAK, Plaintiff and Respondent (as to Schill), and Appellant (as to City), v. SCHILL, Defendant and Appellant: CITY OF SOUTH MILWAUKEE, Defendant and Respondent.*

*No. 63.   Argued June 5, 1972.——Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 369.)

* Motion for rehearing denied, with costs, on September 6, 1972.

380

For the defendant-appellant there was a brief by *Byrne, Bubolz & Spanagel* of Appleton, and oral argument by *Edward J. Byrne.*

For the plaintiff-respondent there was a brief by *Riggins & Siner* of South Milwaukee, and oral argument by *John P. Siner.*

For the defendant-respondent there was a brief and oral argument by *C. Donald Straub* of Milwaukee.

BEILFUSS, J.   In the appeal brought by the defendant Schill, the controlling issue is whether an abutting owner is liable for injuries resulting from the dangerous condition of a public sidewalk not caused by him or his property.

The legislature has imposed the burden to repair public streets and sidewalks upon the municipalities by these statutes:

"62.14 **Board of public works.** . . .

"(6) DUTIES AND POWERS. (a) *In general.* It shall be the duty of the board, under the direction of the council, to superintend all public works and keep the streets, alleys, sewers and public works and places in repair."

"66.615 **Sidewalks.** (1) PART OF STREET; OBSTRUCTIONS. Streets shall provide a right of way for vehicular traffic and, where the council so requires, a sidewalk on either or both sides thereof; the sidewalk shall be for the use of persons on foot, and no person shall be allowed to encumber the same with boxes, or other material; but such sidewalk shall be kept clear for the uses specified herein.

" . . .

"(3) CONSTRUCTION AND REPAIR. (a) *Authority of council.* The council may from time to time by ordinance or resolution determine where sidewalks shall be constructed and establish the width, determine the material and prescribe the method of construction of standard sidewalks, and the standard so fixed may be different for different streets, and may order by ordinance or resolution sidewalks to be laid as provided in this subsection.

"(b) *Board of public works.* The board of public works may order any sidewalk which is unsafe, defective or insufficient to be repaired or removed and replaced with a sidewalk in accordance with the standard fixed by the council."

We believe that the case law in Wisconsin clearly establishes that abutting landowners are liable for only such defects or dangerous conditions in public streets or sidewalks as are created by the active negligence of such landowners or their agents.[1]

The plaintiff argues that the abutting landowner can be liable for the maintenance of a nuisance primarily because the defect existed for a long period of time. Again the same rule applies—the abutting landowner is not liable unless his active negligence created or contributed to the creation of the dangerous condition which might otherwise constitute an actionable nuisance. *Peppas v. Milwaukee, supra.*[2]

It is our opinion that there is no liability on the part of the defendant Schill by virtue of the facts alleged in the complaint.

In the appeal of the plaintiff Jasenczak against the city of South Milwaukee, the determinative issue is

[1] *See Peppas v. Milwaukee* (1966), 29 Wis. 2d 609, 139 N. W. 2d 579, 141 N. W. 2d 228, and cases cited therein.

[2] The cases cited by the plaintiff we believe are inapposite, to wit: *Smith v. Congregation of St. Rose* (1953), 265 Wis. 393, 61 N. W. 2d 896; *Trobaugh v. Milwaukee* (1953), 265 Wis. 475, 61 N. W. 2d 866; *Walley v. Patake* (1956), 271 Wis. 530, 74 N. W. 2d 130. *Also see Hei v. Durand* (1963), 22 Wis. 2d 101, 125 N. W. 2d 341.

whether the plaintiff was required to allege compliance with both secs. 895.43 and 62.25, Stats.

We believe this issue is controlled by our opinion in *Pattermann v. Whitewater* (1966), 32 Wis. 2d 350, 145 N. W. 2d 705, and that answer is yes.

As a prerequisite to an action against a political corporation, such as the city in this case, it is first necessary to notify and file a claim with the city and then commence the action within six months. The method of procedure is given by secs. 62.25 (1) (a) and (e) and 895.43 (1), Stats.:

"62.25 **Claims and actions.** (1) CLAIMS. (a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within 90 days after presentation is a disallowance.

" . . .

"(e) Disallowance by the council shall bar any action founded on the claim unless brought within 6 months after service of notice of disallowance, or after disallowance if the address was not furnished as aforesaid."

"895.43 **Tort actions against political corporations** . . . . (1) No action founded on tort, except as provided in s. 345.05, shall be maintained against any . . . political corporation . . . unless within 120 days after the happening of the event causing the injury or damage or death complained of, written notice of the time, place and circumstances of the injury or damage signed by the party, his agent or attorney is served on such . . . political corporation . . . ."

In her complaint the plaintiff alleged that she filed a claim against the city on July 12, 1968, only two months after the accident, thus complying with both secs. 62.25 (1) (a) and 895.43 (1), Stats. However, plaintiff did not file her action within six months after the denial of her claim. Indeed, plaintiff took over two

years to file the action in this case after the city denied her claim on October 1, 1968.

In *Pattermann v. Whitewater, supra,* this court held that a plaintiff must comply with both secs. 895.43 and 62.25, Stats.

The plaintiff contends that the city, by obtaining liability insurance,[3] waived the procedural requirements of sec. 62.25, Stats. Plaintiff states that *Sambs v. Nowak* (1970), 47 Wis. 2d 158, 170, 177 N. W. 2d 144, supports her contention because of the following statement:

". . . Even assuming that when a city obtains liability insurance with a provision in the policy requiring the insurer to settle any claims, the requirements of sec. 62.25, as far as protecting the city is concerned, are waived, nevertheless, the protections of that statute inure to the benefit of the insurer. . . ."

We do not read *Sambs* as giving any support to the plaintiff's contention of waiver. *Sambs* states the protections of sec. 62.25, Stats., inure to the benefit of the insurer, which protections include the requirement that the action must be commenced within six months after the denial of a claim.

In *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, the rule of governmental immunity for torts was abrogated. This court stayed the effect of that decision until the public bodies of the state could obtain liability insurance. *Holytz* at page 42. Subsequently most, if not all, public bodies did obtain liability insurance. However, the obtaining of liability insurance did not mean that the statutory scheme for presenting

---

[3] The plaintiff's complaint does not allege the city was protected by liability insurance. For that reason alone the court need not consider the insurance issue. However, because the order appealed from directed the demurrer be sustained with prejudice and no right to plead over, we consider this issue.

a claim against a public body was there invalidated. In fact, the legislature enacted sec. 895.43, Stats., after *Holytz* (then sec. 331.43 by ch. 198, Laws of 1963), but sec. 62.25 was not changed. Therefore the legislature, by virtue of not changing sec. 62.25, intended it to remain in operation.

Consequently the six-month statute of limitations was in effect at the time of the accident and is still operative at this time. The plaintiff did not initiate her action in the statutorily allowed time and therefore her action against the city must fail. The trial court's order dismissing the complaint with prejudice as a result of the city's demurrer should be affirmed.

*By the Court.*—The order overruling the demurrer to the complaint by the defendant Herbert Schill is reversed with prejudice and it is ordered the complaint against the defendant Herbert Schill be dismissed.

The order sustaining the demurrer of the defendant city of South Milwaukee with prejudice and ordering the complaint dismissed is affirmed.