FISHER CONTRACTING COMPANY, a
Foreign Corporation of the State
of Wisconsin

v.

The CITY OF PLYMOUTH, a
Municipal Corporation.

No. 72–C–704.

United States District Court,
E. D. Wisconsin.

Aug. 28, 1975.

David Rabinovitz, Rabinovitz & Son-
nenburg, Sheboygan, Wis., for plaintiff.

Ronald W. Damp, City Atty., Ply-
mouth, Wis., for defendant.

MEMORANDUM AND ORDER

WARREN, District Judge.

This action represents one step in
what has become a rather lengthy
struggle undertaken by the plaintiff
named above in an effort to recover for
certain losses allegedly sustained in con-
nection with a construction project in
the City of Plymouth, Wisconsin.

By motion filed January 29, 1973,
counsel for the defendant have urged
this Court to dismiss this action for
failure to meet the procedures for re-
covery from a municipality, as set forth
at § 62.25, Wis.Stats.  By countermo-
tion filed February 3, 1973, counsel for
the plaintiff seek to strike this motion
and to proceed to the merits of the case.

After due consideration of the memo-
randa that have been filed, both in
support of and in opposition to these

pleas, and upon review of the other documents that constitute the written record in this action, and being otherwise duly advised, the Court finds that the motion to dismiss is to be granted, and that the countermotions are to be denied, all in accordance with the terms of the following memorandum opinion.

## I.

■ It is clear that before an action such as is currently before this Court may be maintained against a municipality in the State of Wisconsin, the party seeking recovery must present a claim to the particular municipality at issue, then, if denied, file for judicial review within a specific period of time. *See*: § 62.25(1), Wis.Stats:

"(1)(a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within 90 days after presentation is a disallowance.

\*    \*    \*    \*    \*    \*

"(e) Disallowance by the council shall bar any action founded on the claim unless brought within 6 months after service of notice of disallowance, or after disallowance if the address was not furnished as aforesaid."

■ The Wisconsin Supreme Court has held that a failure to follow these procedures is fatal to an action commenced against the municipality. *See, e. g., Jasenczak v. Schill,* 55 Wis.2d 378, 198 N.W.2d 369, (1972). Because jurisdiction in this Court is based upon diversity of citizenship, 28 U.S.C. § 1332, such law is controlling here. *See, e. g., Fisher Contracting Co. v. Housing Authority of City of Plymouth, Wis., et al.,* 329 F.Supp. 1028 (E.D.Wis., 1971).

In the instant case, the motion to dismiss asserts that this plaintiff presented a claim to the City of Plymouth on

March 6, 1972, that said claim was formally disallowed by the Common Council of the City of Plymouth on May 30, 1972, and that notice of the disallowance was personally served upon plaintiff's attorneys on May 31, 1972. The complaint at issue here was filed on December 26, 1972. Because this action was commenced in excess of six months after the date of service of the notice of disallowance, it is alleged that § 62.25(1) stands as a bar to recovery. The Court agrees.

## II.

Counsel for the plaintiff do not dispute that the claim was filed as alleged; they admit that notice of disallowance was received as the defendant contends. *See,* Plaintiff's countermotion, filed February 3, 1973, at ¶ 2, ¶ 3. It is argued by plaintiff, however, that the six-month period of limitation on this action did not commence on the date that personal service was effected upon plaintiff's counsel; this theory is premised on two particular grounds.

Plaintiff's counsel first observe that notice of the disallowance of the claim at issue here was never sent to the plaintiff's principal offices in Midland, Michigan, despite the provisions of § 62.25(1)(c), Wis.Stats:

"(1)(c) The clerk shall cause to be served on the claimant notice of any disallowance if the claimant in writing furnished the address of his usual place of abode. . . . If the claimant be a nonresident and he furnished the address of his usual place of abode, the notice shall be sent to such address by registered mail and receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service."

■ The Court finds that the omission described above is insufficient to warrant denial of the defendant's motion to dismiss: A review of the claim filed with the City of Plymouth on March

6, 1972 reveals that the full address of the usual place of abode of the non-resident claimant is nowhere set forth with particularity. In addition, said claim contains no request that notice of the disposition thereof be sent to an address outside the State of Wisconsin; to the contrary, by letter dated May 4, 1972, plaintiff's counsel directed the Clerk of the City of Plymouth to send to their offices "all copies" of matters resolved or adopted in regard to this particular claim. *See:* Brief in Support of Motion to Dismiss, at p. 2.

In view of these circumstances, the Court determines that the officers of the City of Plymouth were justified in serving notice of the disallowance of the claim only upon plaintiff's local counsel. *Cf: Novak v. Delavan,* 31 Wis.2d 200, 143 N.W.2d 6, (1966) [§ 62.25 requires notice of disallowance be sent to claimant's counsel when claimant's address is not furnished].

■ Plaintiff's counsel secondly argue that the notice of disallowance was improperly served upon them because said notice was given to the office secretary and not to the claimant's attorney. The Court finds that this argument cannot prevail.

By Wisconsin law, the notice of disallowance is to be served ". . . by a police officer, without fees, in the manner of service of summons." § 62.25 (1)(c), Wis.Stats. Where a proposed defendant is a foreign corporation, a summons may be served ". . . in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant." § 262.06(5)(c), Wis.Stats.

The record reveals that the notice at issue here was served by a police officer. *See,* affidavit of Charles L. McElroy, attached to the Motion to Dismiss. It would appear that this plaintiff's attorney is an agent authorized by law to accept service on its behalf. *See, e. g.,*

*State ex rel. Ledin v. Davison,* 216 Wis. 216, 256 N.W. 718 (1934). Although the notice of disallowance was entrusted to a secretary, the Court finds that said notice was served upon the attorneys representing the claimant "in a manner specified by . . . statute . . . ," § 262.06(5)(c), Wis.Stats., because when a summons is to be served upon a partnership, it may be served in a manner prescribed in § 262.06(5), Wis.Stats. *See:* § 262.06(6), Wis.Stats. Section 262.06(5) is satisfied if a copy of the summons is ". . . left in the office of [an] officer, director or managing agent with the person who is apparently in charge of the office." This appears to be the case here. *Cf: Keske v. Square D Co.,* 58 Wis.2d 307, 206 N.W. 2d 189 (1973).

For the reasons stated above, the Court finds that service of the notice of disallowance of this claim was legitimately effected on May 31, 1972, and that the issues raised in this action are time-barred by the provisions of § 62.25 (1), Wis.Stats.

### III.

■ In addition to the foregoing, plaintiff's counsel contend that the motion to dismiss that is presently before this Court was improperly served upon them and should be stricken. The Court disagrees.

While said motion is admitted to have been served by a deputy sheriff of Sheboygan County, plaintiff's counsel appear to contend that mailing was required by Rule 4(c) or Rule 5(b) of the Federal Rules of Civil Procedure. The Court finds that service of pleadings subsequent to the initial complaint is governed by Rule 5(b); the very terms thereof indicate that the personal service accomplished here was sufficient:

"(b) Same: How Made. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service

shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . ."

## IV.

In a document entitled "supplemental brief," filed January 6, 1975, counsel for the defendant contend that regardless of the disposition of the service of process questions discussed in the previous portions of this memorandum, the plaintiff's complaint should be dismissed at this time because the claim presented to the City of Plymouth failed to state a specific dollar amount as required by *Sambs v. Nowak*, 47 Wis.2d 158, 177 N.W.2d 144, (1970). In view of the fact that the defendant obtains essentially all the relief it seeks by virtue of the rulings in the preceding portions of this opinion, the Court will not reach the question of the sufficiency of the claim presented on March 6, 1972.

## V.

For the reasons set forth in the foregoing memorandum opinion, it is hereby ordered:

(1) that the defendant's motion to dismiss is granted;

(2) that the plaintiff's countermotions are denied;

(3) that the parties bear their respective costs in connection with the prosecution and defense of this action.