J. DENIS MORAN, Director State Courts
You ask the following questions regarding submissions of controversy under ch. 655, Stats., which establishes a quasi-judicial system for resolving medical malpractice claims:
 1. May a Submission of Controversy be commenced against a respondent after a similar action alleging the same acts of *Page 2 
medical malpractice has been dismissed on the merits in favor of the respondent?
 2. Upon stipulation of all parties, can the original Submission of Controversy be reopened in order to return it to the jurisdiction of the Patients Compensation Panels for hearing, thus allowing for an appeal in circuit court of the panel decision?
You provide the following factual background:
 Plaintiff, through his attorney, filed a Submission of Controversy against a doctor on November 1, 1979. The allegations of medical malpractice noted on the Submission of Controversy are alleged to have occurred between December 20, 1977, and October 29, 1978. The Submission was dismissed on the merits by agreement of both attorneys for the parties on May 28, 1980.
 There is a significant disagreement between plaintiff and his attorney as to the quality of legal services provided throughout this period of time, in that plaintiff says he never knew a Submission of Controversy was fled on his behalf much less dismissed, and the attorney's office indicates that plaintiff was not responsive to correspondence from his office.
 Plaintiff states that after an extensive physical examination in a Michigan hospital in the fall of 1980, he was informed as to the extent of physical impairment he had received as a result of treatment by the doctor during the time period alleged in the original Submission of Controversy.
 Plaintiff filed a second Submission of Controversy naming the doctor as a respondent in August of this year.
In my opinion, the claimant is barred from commencing a second action on the same claim, but the claimant may be relieved from the dismissal stipulation and the matter may be effectively "reopened" if there is a basis for according relief and the Patients Compensation Panel exercises its discretion to grant such relief.
By virtue of sec. 655.17 (1), Stats., "a formal panel shall be bound by the law applicable to civil actions" unless otherwise provided by ch. 655, Stats. *Page 3 
Section 655.16 (1), Stats., provides that "disposition of a controversy may be made by compromise, stipulation, agreement or default without hearing." Since the consequences of disposition by agreement are not expressly stated, it is necessary and proper to look to the law applicable to civil actions.
The law applicable to civil actions is contained in chs. 801-47, Stats. Sec. 801.01 (2), Stats. Section 805.04, Stats., pertains to voluntary dismissals. Subsection (1) reads:
 An action may be dismissed by the plaintiff without order of court by serving and filing a notice of dismissal at any time before service by an adverse party of responsive pleading or motion or by the filing of a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is not on the merits, except that a notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court an action based on or including the same claim.
According to your recitation of facts, the voluntary dismissal in the instant matter was "on the merits." Thus the claimant is barred from commencing a second action on the same claim. See sec. 805.04 (1), Stats.; Dunn v. Fred A. Mikkelson, Inc.,88 Wis.2d 369, 376-77, 276 N.W.2d 748 (1979); Pattermann v. Whitewater,32 Wis.2d 350, 360, 145 N.W.2d 705 (1966); 9 Wright Miller, Federal Practice and Procedure: Civil § 2367 (1971).
As to your second question, it is my opinion that it is within the power of the panel to relieve the claimant of the stipulated dismissal.
As stated earlier, sec. 655.17 (1), Stats., provides that except as otherwise provided in ch. 655, Stats., "a formal panel shall be bound by the law applicable to civil actions." Among judicial powers is the power to "relieve a party or legal representative from a judgment, order or stipulation" upon a motion for such relief and upon a showing that one of the reasons for relief specified in the statute is satisfied. Sec. 806.07, Stats.
The panel's power to act under sec. 806.07, Stats., is supported by the recent decision in Mazurek v. Miller,100 Wis.2d 426, 303 N.W.2d 122 (Ct.App. 1981), petition for reviewdenied, May 11, *Page 4 
1981. Using the logic advanced above, the court of appeals held that a panel has the authority to dismiss a claim where the claimant refuses to comply with a discovery order issued by the panel. It held that "[t]he powers of a court under sec. 804.12
(2) are granted to a panel by virtue of sec. 655.17 (1) unless provided otherwise in ch. 655." 100 Wis.2d at 432-33. It follows that a panel also has the power under sec. 806.07, Stats. to grant relief from a judgment, order or stipulation.
Your specific question is whether the panel may "reopen" the matter upon stipulation of all parties. In my opinion, a stipulation of all parties is one factor to be considered by the panel in determining whether relief should be granted but it is not controlling. The granting of relief is within the discretion of the panel. It would be inadvisable to consider that the panel's discretionary authority may be overridden by stipulation of the parties. In other words, the panel should maintain control.
It would be improper for me to venture any opinion as to whether relief should be granted to the particular claimant who prompted your questions. Given the disputes as to material facts and the discretionary nature of the power, it is for the panel to decide whether any ground for relief under sec. 806.07 (1), Stats., has been satisfied and whether it will exercise its discretion to grant relief.
BCL:RWL