**FIRST TRANSIT, INC. Plaintiff,**

v.

**CITY OF RACINE and Michael Glasheen Defendants.**

No. 04–C–0466.

United States District Court, E.D. Wisconsin.

March 9, 2005.

Stephen Kravit, James Oakley, Melissa Blair, Milwaukee, WI, for Plaintiff.

Eugene Gasiorkiewicz, Racine, WI, for Defendant.

### DECISION AND ORDER

ADELMAN, District Judge.

In May 2004, plaintiff First Transit, Inc. filed this action alleging breach of contract and tortious interference with contract against defendant City of Racine ("City") and tortious interference with contract against defendant Michael Glasheen, the City's transit planner. Plaintiff alleges that the parties are diverse and the amount in controversy exceeds $75,000 and that, therefore, I have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Before me now are defendants' motions to dismiss for lack of subject matter jurisdiction and for summary judgment based on plaintiff's failure to comply with Wisconsin's notice of claim law.

## I. BACKGROUND

In 1999, plaintiff contracted with the City to manage its bus system. The contract prohibited the City from hiring or otherwise engaging management employees that plaintiff assigned to the project for one year following the termination or expiration of the contract. In 2002, the City replaced plaintiff with Professional Transit Management, Inc. ("PTM"), and PTM hired three of plaintiff's managers. Plaintiff then commenced the present action, alleging (1) that by awarding the contract to PTM, which employed plaintiff's former employees, the City breached its agreement not to engage such employees; (2) that the City tortiously interfered with its employment contracts; and (3) that Glasheen tortiously interfered with its contracts with the City and its employees.

## II. DISCUSSION

Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(1) arguing that this court lacked jurisdiction because plaintiff failed to satisfy the amount in controversy requirement and failed to comply with Wisconsin's notice of claim law. Although defendant's amount in controversy argument relates to subject matter jurisdiction and is, therefore, properly brought under Rule 12(b)(1), defendant's notice of claim argument is not jurisdictional. Even if fail-

ure to comply with the notice of claim law would deprive a state court of jurisdiction, which is unlikely, *see Figgs v. City of Milwaukee*, 121 Wis.2d 44, 51 n. 6, 357 N.W.2d 548 (1984), federal law controls this court's subject matter jurisdiction, and state law cannot expand or contract that grant of jurisdiction, *see Goetzke v. Ferro Corp.*, 280 F.3d 766, 778–79 (7th Cir.2002) (stating that "[o]nce Congress has conferred subject matter jurisdiction on the federal courts, state law cannot expand or contract that grant of authority.").

■ Nonetheless, when a federal court exercises diversity jurisdiction, it must apply state substantive law and "cannot give that which [the state] has withheld." *Id.* at 779 (internal quotation marks and citation omitted, alteration in original). Thus, if a Wisconsin court would dismiss plaintiff's suit for failure to comply with the state's notice of claim law, I must do likewise. *See Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 911 (7th Cir.1985). However, such a dismissal would not be for lack of jurisdiction but because plaintiff's claim failed under state law. Therefore, insofar as it pertained to plaintiff's failure to comply with the notice of claim statute, I converted defendant's motion into one for summary judgment and allowed the parties to submit additional evidence.[1]

I will first determine whether plaintiff has satisfied the amount in controversy requirement. If it has not, I must dismiss the case pursuant to Rule 12(b)(1). If it has, I will determine whether defendants are entitled to summary judgment based on plaintiff's failure to comply with the notice of claim statute.

### A. Amount in Controversy

■ The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction. *NLFC, Inc. v. Devcom Mid–Am., Inc.*, 45 F.3d 231, 237 (7th Cir.1995). If uncontested, a court will accept a plaintiff's good faith allegation of the amount in controversy unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *See, e.g., Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir.1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). However, where as here, the defendant challenges the plaintiff's allegation that the amount in controversy exceeds the jurisdictional minimum, the plaintiff bears the burden of supporting its allegation by "competent proof." *NLFC, Inc.*, 45 F.3d at 237 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Competent proof means "proof to a reasonable probability that jurisdiction exists." *Rexford Rand Corp.*, 58 F.3d at 1218. Where a plaintiff sues two or more defendants in a diversity case, it must satisfy the amount in controversy requirement against each defendant unless the defendants are jointly liable. *Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001). However, a plaintiff may aggregate the amount of its separate claims against a single defendant to satisfy the jurisdictional requirement against that defendant. *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir.1998). In the present case, plaintiff does not argue that

---

1. Because failure to comply with the notice of claim statute is an affirmative defense, *see Aleman v. Milwaukee County*, 35 F.Supp.2d 710, 721 (E.D.Wis.1999), plaintiff did not have to plead compliance. *See, e.g., Xechem,* *Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir.2004). Thus, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would not have helped defendants. *Id.*

the defendants are jointly liable and, therefore, must establish to a reasonable probability that it can recover more than $75,000 both from the City and Glasheen.

■ Plaintiff has met its burden as to the City because it alleges that the City's breach of contract caused it to lose its management contract with the City and has shown that the contract was worth over $556,000. However, as to Glasheen, plaintiff has not met its burden. Plaintiff claims that Glasheen tortiously interfered with its contract with the City and its contracts with three employees, and that each interference resulted in more than $75,000 in damages. However, state law limits plaintiff's recovery in a tort action against a municipal employee to $50,000. *See* Wis. Stat. § 893.80(3). Plaintiff concedes that its claims against Glasheen are subject to the cap, and that I must take the cap into account when determining the amount in controversy. *See Pratt Central Park Ltd. P'ship v. Dames & Moore, Inc.,* 60 F.3d 350, 353 (7th Cir.1995) (stating that where state statute caps damages at less than the jurisdictional amount, courts should dismiss for want of jurisdiction). However, plaintiff argues that it can recover up to $200,000 against Glasheen, $50,000 for each tortious interference.

However, even if plaintiff could recover up to $50,000 per tort,[2] it has not produced competent proof showing that the aggre-gate damages flowing from the four torts could exceed $75,000. Plaintiff has produced competent proof that Glasheen's alleged interference with its contract with the City caused it to suffer $556,000 in damages, i.e., the value of the contract. However, Wis. Stat. § 893.80(3) caps such damages at $50,000. Thus, plaintiff must also show that Glasheen's interference with its employment contracts cost it $25,000.[3] Plaintiff suggests that Glasheen's interference with its employment contracts might have caused a variety of damages such as the costs of recruiting and retraining new employees and of hiring a firm to search for new employees. However, plaintiff has submitted no evidence indicating that such damages could exceed $25,000. Nor is it self-evident that such damages could exceed $25,000. Therefore, plaintiff has failed to establish to a reasonable probability that the amount in controversy in the suit against Glasheen exceeds $75,000.

■ Plaintiff argues that even if the amount in controversy in its suit against Glasheen does not exceed $75,000, pursuant to 28 U.S.C. § 1367, I may exercise supplemental jurisdiction over its claims against him. However, when original jurisdiction is based on diversity, § 1367(b) prohibits courts from exercising supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules

---

**2.** Wis. Stat. § 893.80(3) limits the amount recoverable to $50,000 per "action" founded on tort, not $50,000 per tort. An "action" is "[a] civil or criminal proceeding." *Black's Law Dictionary* 28–29 (7th ed.1999). Thus, the statute appears to limit plaintiff's recovery from Glasheen to $50,000 regardless of how many torts he committed. However, I need not resolve the question because for the reasons discussed in the text, even if plaintiff could recover $50,000 per tort, it could not prevail on the jurisdictional issue.

**3.** Having asserted that Glasheen's interference with its contract with the City cost it $556,000, plaintiff cannot use this amount a second time to satisfy the amount in controversy requirement. This is so because plaintiff cannot recover the same damages twice. Thus, even though all four of Glasheen's acts of tortious interference may have independently led to the loss of the contract with the City, plaintiff may not use the damages flowing from such loss more than once for purposes of satisfying the amount in controversy requirement.

of Civil Procedure ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Rule 20(a) allows a plaintiff to join defendants under certain circumstances and is the basis for plaintiff's joinder of the City and Glasheen as defendants. *See Am. Bldg. Maint. Co. v. 1000 Water Street Condo. Ass'n,* 9 F.Supp.2d 1028, 1031–32 (E.D.Wis.1998). Accordingly, under § 1367(b), I may not exercise supplemental jurisdiction over plaintiff's claims against Glasheen. *See id.;* 16 James Wm. Moore et al., *Moore's Federal Practice* § 106.45[3] (3d ed.2004) (stating that the courts have uniformly held that when a plaintiff joins claims against two or more defendants and satisfies the amount in controversy requirement as to some but not others, § 1367 does not provide supplemental jurisdiction over claims where the plaintiff has not satisfied the requirement).[4]

Thus, for the reasons stated, I lack subject matter jurisdiction over plaintiff's claims against Glasheen and will, therefore, dismiss them. However, because I have subject matter jurisdiction over plaintiff's claims against the City, I turn to the question of whether I should grant the City's motion for summary judgment based on plaintiff's alleged non-compliance with Wisconsin's notice of claim statute.

## B. Compliance with Wis. Stat. § 893.80

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In the present case, the parties do not dispute the facts relating to whether plaintiff complied with Wisconsin's notice of claim statute but rather whether such facts establish compliance. This is a question of law that I may resolve on a motion for summary judgment. *See Sambs v. Nowak,* 47 Wis.2d 158, 164, 177 N.W.2d 144 (1970).

■ Section 893.80(1) requires a plaintiff to serve two different notices on governmental entities and their officials, agents or employees before filing a lawsuit against them: (1) "written notice of the circumstances of the claim," Wis. Stat. § 893.80(1)(a), and (2) a claim containing "an itemized statement of the relief sought," *id.* § 893.80(1)(b). *State Dep't of Natural Res. v. City of Waukesha,* 184 Wis.2d 178, 196–97, 515 N.W.2d 888 (1994) (*"DNR"*), overruled on other grounds by *State ex rel. Auchinleck v. Town of LaGrange,* 200 Wis.2d 585, 547 N.W.2d 587 (1996); *Figgs,* 121 Wis.2d at 49, 357 N.W.2d 548. The statute requires the notice of circumstances to be filed within 120 days after the happening of the event, but imposes no time limit on the filing of the itemized statement of relief sought. *Figgs,* 121 Wis.2d at 50, 357 N.W.2d 548. Further, "only substantial, and not strict, compliance with the notice statutes is required." *Thorp v. Town of Lebanon,* 235 Wis.2d 610, 629 & n. 10, 612 N.W.2d 59 (2000).[5]

---

4. At oral argument, plaintiff's counsel suggested that Rule 19 might authorize it to join Glasheen. However, even if this were so, § 1367(b) would still prevent me from exercising supplemental jurisdiction over the claims against him. *See* 28 U.S.C. § 1367(b); 16 Moore et al., *supra,* § 106.43.

5. Defendants argue that although a claimant need only substantially comply with § 893.80(1)(a), § 893.80(1)(b) requires strict compliance. *Orthmann* states that unlike § 893.80(1)(a), § 893.80(1)(b) "contains no excuses, and the Wisconsin courts interpret its requirement strictly." 757 F.2d at 911.

■ In the present case, defendants originally argued that plaintiff failed to comply with both subsections (1)(a) and (1)(b) but conceded at oral argument that plaintiff substantially complied with subsection (1)(a). Thus, I turn to whether plaintiff substantially complied with (1)(b). To satisfy the requirements of subsection (1)(b), a claim must (1) identify the claimant's address; (2) contain an itemized statement of the relief sought; (3) be submitted to the city clerk; and (4) be disallowed by the city. *DNR*, 184 Wis.2d at 197–98, 515 N.W.2d 888. Two principles guide a court's determination of whether a notice of claim is sufficient under subsection (1)(b). First, "the written claim must be definite enough to fulfill the purpose of the claim statute—to provide the municipality with the information necessary to decide whether to settle the claim." *Id.* at 198, 515 N.W.2d 888. Second, "notices of claim should be construed so as to preserve bona fide claims." *Id.*

■ Plaintiff argues that it substantially complied with subsection (1)(b) through a series of letters sent to various City officials between October 7, 2002, and February 6, 2004. Each of these letters contained plaintiff's or its attorney's address; thus, plaintiff substantially complied with subsection (1)(b)'s first requirement. *See id.* (stating that claimant's attorney's address is equivalent to claimant's address for purposes of the notice of claim statute). Further, although plaintiff and its counsel sent the letters to the city attorney instead

of the city clerk, plaintiff substantially complied with the requirement of noticing the clerk. *See id.* at 199–200, 515 N.W.2d 888.

■ However, plaintiff failed to substantially comply with the requirement that the notice contain an itemized statement of the relief sought. This requirement requires "a list, item by item, of the kinds of relief sought." *Figgs*, 121 Wis.2d at 52, 357 N.W.2d 548. If a claimant seeks only money damages, the notice need only state the amount sought. *Id.* at 53, 357 N.W.2d 548. The claimant need not itemize the damages into separate amounts, such as damages for pain and suffering, lost wages, etc., because the different types of damages are not different types of relief. *Id.* However, when a claimant seeks damages, "a notice of claim must state a specific dollar amount." *DNR*, 184 Wis.2d at 199, 515 N.W.2d 888; *see also Thorp*, 235 Wis.2d at 629–30, 612 N.W.2d 59; *Figgs*, 121 Wis.2d at 54, 357 N.W.2d 548; *Gutter v. Seamandel*, 103 Wis.2d 1, 9–10, 308 N.W.2d 403 (1981); *Sambs*, 47 Wis.2d at 165, 177 N.W.2d 144. This is so because the purpose of the notice statute, "to afford the municipality an opportunity to compromise the claim and settle it without a costly and expensive lawsuit," cannot be served "unless the claim presented demands a specific sum of money." *Gutter*, 103 Wis.2d at 9–10, 308 N.W.2d 403.

None of the letters to the City asked for a dollar amount. However, on February 3,

---

However, the Wisconsin Supreme Court has said many times, before and after *Orthmann*, that claimants need only substantially comply with § 893.80(1)(b). *See Thorp*, 235 Wis.2d at 629, 612 N.W.2d 59 (stating that "[a] notice must substantially comply with each of the four requirements listed in subsection (1)(b)."); *DNR*, 184 Wis.2d at 197–98, 515 N.W.2d 888 (stating that "[t]his court will review each of the four requirements [of § 893.80(1)(b) ] for substantial compliance.");

*Figgs*, 121 Wis.2d at 55, 357 N.W.2d 548 (stating that "only substantial, and not strict, compliance with notice statutes is required."). Thus, because in a diversity case I must apply state law as interpreted by the state's highest court, *see, e.g., State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir.2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)), I conclude that plaintiff must only substantially comply with subsection (1)(b).

2004, plaintiff's counsel wrote to the city attorney describing the types of damages that plaintiff would seek in a lawsuit as follows:

> Racine's breach places First Transit in line to seek damages such as: First Transit's costs to recruit and train the aforementioned personnel; the lost value of the five (5) year BUS Agreement (if Racine had abided by the terms of the Agreement, PTM would not have been able to hire the aforementioned personnel, which ultimately allowed them to procure the BUS work); the referral fee that Racine otherwise would have had to pay a search firm to obtain the aforementioned personnel; First Transit's value of the lost business that it otherwise could have obtained if Racine had not violated the terms of the contract; and court costs and attorneys fees.

(Wright Aff. Ex. 5.) Plaintiff argues that although the letter did not identify a dollar amount, the City knew the value of a five-year BUS agreement because Glasheen wrote a memorandum containing plaintiff's price to renew the agreement. Plaintiff further argues that because it provided notice of the types of damages it would seek and the City knew the value of at least one such type, it substantially complied with the requirement that it request a dollar amount.

However, even assuming that the City knew the value of the BUS agreement, plaintiff's February 3, 2004 letter does not contain sufficient information to enable the City to decide whether to settle or litigate the claim. This is so because plaintiff stated that it might seek other damages besides the value of the BUS agreement but did not indicate the amounts of such damages. Thus, even if the City knew the amount of *some* of the damages plaintiff demanded, nothing suggests that it was aware of plaintiff's total demand. Yet, for the City to know whether it should settle or litigate the claim, it needed the specific amount that the plaintiff would seek in litigation. *Cf. Gutter*, 103 Wis.2d at 12–13, 308 N.W.2d 403 (holding that a notice which claimed damages "in excess" of a named figure did not satisfy the requirement that a notice of claim contain a specific dollar amount). Accordingly, plaintiff did not substantially comply with Wis. Stat. § 893.80(1)(b) and I will, therefore, dismiss plaintiff's claims against the City without prejudice.[6]

## III. CONCLUSION

For the reasons stated, I dismiss plaintiff's claims against Glasheen for lack of subject matter jurisdiction and its claim against the City without prejudice for failure to comply with Wis. Stat. § 893.80(1)(b).

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED IN PART and DENIED IN PART** and that defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE.**

---

**6.** As noted, defendants conceded that plaintiff complied with subsection (1)(a). Further, as discussed, the statute imposes no time limit for complying with subsection (1)(b), *Figgs,* 121 Wis.2d at 50, 357 N.W.2d 548. Thus, plaintiff may comply with subsection (1)(b) by filing a fresh notice. If the City denies its claim, plaintiff may file a new lawsuit.